GALLENKAMP v. RACHMAN.

(Circuit Court, E. D. Missouri. January 5, 1906.)

No. 5,133 (1,722).

CUSTOMS DUTIES—CLASSIFICATION—DECORATED GLASSWARE.

Glassware ornamented with metal filigree work *held* dutiable as "articles of glass, * * * ornamented, decorated," etc., under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], regardless of whether glass or metal is the component of chief value.

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought in the name of Charles F. Gallenkamp, surveyor of customs at the port of St. Louis, and relate to a decision (G. A. 5,922 [T. D. 26,034]) which reversed the surveyor's assessment of duty on merchandise imported by William Rachman.

H. L. Dyer, Asst. U. S. Atty., for surveyor.

Vital W. Garesche, for importer.

FINKELNBURG, District Judge. This is a petition to review a decision of the Board of United States General Appraisers in the above-entitled matter, and involves the question what duty is properly chargeable against certain wares imported by defendant? The articles in question were invoiced by the importer as "metal decorated with glass." This was manifestly a misdescription. A glance at the sample exhibited to the court shows at once that it is the reverse, namely, a glass vase decorated with metal, and this is admitted by the Board of General Appraisers in the following language: "The articles in question as shown by the exhibit in the case are glass vases ornamented with metal filigree work."

But the question still remains whether these wares are dutiable at the rate of 60 per cent. under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], as claimed by the surveyor of customs at St. Louis, or at the rate of 45 per cent. ad valorem under Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], as claimed by the Board of General Appraisers at New York.

Paragraph 100 provides as follows:

"Par. 100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted,

147 F.—49

printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

Paragraph 193 is as follows:

"Par. 193. Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem."

It is my opinion, from the facts presented by the record, and from an inspection of the exhibit, that the article in controversy is essentially a vessel composed wholly of glass; that it is complete for use as a glass vessel, an article which would serve its entire purpose without any metal attachment, and that the metal work surrounding its lower part is intended, not for use, but for ornament, and that as such it falls under the first clause of paragraph 100, supra. Paragraph 193 in its terms applies only to articles or wares not otherwise specifically provided for, and hence does not apply to articles or wares which are covered by paragraph 100. If the article in question comes under the first clause of paragraph 100, as I think it does, then, in my opinion, the question whether the glass or metal decoration is of greater value becomes immaterial.

In view of the foregoing, the judgment of this court will be in favor of the petitioner, and the decision of the Board of United States General Appraisers is hereby overruled. And it is hereby adjudged that the articles and wares in controversy are dutiable at the rate of 60 per cent. ad valorem.