## UNITED STATES *v.* PARK & TILFORD (No. 1731).[1]

1. CONSTRUCTION, PARAGRAPH 324, TARIFF ACT OF 1913.

Paragraph 324, tariff act of 1913, provides for two classes of papier-mâché, paper, or wood boxes—(1) those "covered with any of the foregoing papers," whether or not lined; and (2) those "covered or lined with cotton or other vegetable fiber." It was the congressional purpose to make this part of the paragraph exclusive within its carefully prescribed scope.

2. CONSTRUCTION—RELATIVE SPECIFICITY—LEGISLATIVE INTENT.

The power of Congress to select and legislate exclusively for a group of articles and rate them for a particular duty is unquestioned; and when that purpose is clearly evidenced by all pertinent parts of the law, it becomes the duty of the courts to give effect to that intent even in cases where other competing provisions may be more specific in terms.

3. PAPER BOXES COVERED WITH SURFACE-COATED PAPER AND LINED WITH SILK, SILK CHIEF VALUE.

Paper boxes covered with surface-coated paper and lined with silk, the silk lining constituting the chief value of the merchandise, are not dutiable as manufactures in chief value of silk (par. 318, tariff act of 1913), but as "all boxes of paper * * * covered with any of the foregoing papers" (par. 324), by reason of the obvious purpose of Congress to make that provision exclusive.

### United States Court of Customs Appeals, January 22, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39582.

[Affirmed.]

---

[1] Reported in T. D. 36983 (32 Treas. Dec., 136).

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty* and *Harry M. Farrell,* special attorneys, of counsel), for the United States.
*B. A. Levett* for appellees.

[Oral argument Oct. 19, 1916, by Mr. Doherty and Mr. Levett.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns an importation at the port of New York of certain fancy boxes. Duty was levied under the provisions of paragraph 318 of the tariff act of 1913 as manufactures in chief value of silk. The importers made due protest, alleging, among other claims, that certain of the goods were paper-covered boxes and were more specifically and aptly provided for under paragraph 324 of that act, wherein it is claimed by protestant that the goods should be classified for duty as "*all* boxes of paper or papier-mâché or wood covered with any of the foregoing papers or covered or lined with cotton or other vegetable fiber." Among the "foregoing papers" enumerated in the paragraph are "surface-coated papers." It is conceded by all parties that the importations here in question were so covered, and this decision is confined to such articles. The Board of General Appraisers sustained the importers' claim in the particular stated and the Government prays this court for a reversal of that decision.

Primarily it will be observed that the provisions of paragraph 324 here counted upon are used in the alternative providing for two classes of merchandise: (1) "All *boxes* of paper or papier-mâché or wood," if "covered with any of the foregoing papers," whether or not lined; and (2) "all *boxes* of paper or papier-mâché or wood," if either "covered or lined with cotton or other vegetable fiber."

Essentially the provision is one for all of certain specified "boxes of paper."

The merchandise covered by this appeal consists of paper and cardboard boxes covered with surface-coated paper, one of the "foregoing enumerated papers," and lined with silk. They, therefore, fall within the first subdivision, *supra,* which levies duties upon paper and pasteboard boxes irrespective of whether or not lined, and, if lined, regardless of the character or composition of that lining, provided they were covered with any of the foregoing papers.

On the other hand, the competing provision of paragraph 318 is for "all manufactures of silk, or in chief value of silk," reading in relevant parts as follows:

318.  *  *  *  And all manufactures of silk, or of which silk or silk and india rubber are the component materials of chief value, not specially provided for in this section,  *  *  *.

The parts of paragraph 324 deemed instructive and pertinent follow:

324. Papers wholly or partly covered with metal leaf or with gelatin or flock, papers with white coated surface or surfaces, calender plate finished, hand dipped marbleized paper, parchment paper, and lithographic transfer paper not printed, 25 per centum

ad valorem; papers with coated surface or surfaces suitable for covering boxes, not specially provided for, whether or not embossed or printed except by lithographic process, 40 per centum ad valorem; all other paper with coated surface or surfaces not specially provided for in this section; uncoated papers, gummed, or with the surface or surfaces wholly or partly decorated or covered with a design, fancy effect, pattern, or character, whether produced in the pulp or otherwise except by lithographic process, cloth-lined or reinforced papers, and grease-proof and imitation parchment papers which have been supercalendered and rendered transparent or partially so, by whatever name known, all other grease-proof and imitation parchment papers, not specially provided for in this section, by whatever name known,

Bags, envelopes, and all other articles composed wholly or in chief value of any of the foregoing papers, not specially provided for in this section,

And all boxes of paper or papier-mâché or wood covered with any of the foregoing papers or covered or lined with cotton or other vegetable fiber, 35 per centum ad valorem;

Albuminized or sensitized paper or paper otherwise surface-coated for photographic purposes, 25 per centum ad valorem; plain basic papers for albuminizing, sensitizing, baryta coating, or for photographic or solar printing processes, 15 per centum ad valorem.

We think the statute its best and complete expositor.

The logical status of the Government's claim is concisely stated in appellants' brief, that "in the present case what we really have is a manufacture of silk in the form of a box."

The language of paragraph 324 evidences it a provision drawn after careful thought and consideration with scrupulous care and precision, its component phrases being carefully worded and intended effective of fine distinctions. No other part thereof is more amenable to this observation than that here involved, which is related of "boxes" of "paper or papier-mâché or wood" covered with any of the "foregoing papers" whether or not lined, and such boxes "covered," "or lined with cotton or other vegetable fiber," thereby reaching out into the almost infinite variety of boxes and including therewithin only certain of them herein carefully and specifically described, the framework or coverings of which are of the materials the subject of the paragraph—paper. In the interpretation or construction of such a paragraph that the manifest intent of Congress be given effect minute attention and weight should be given each word and phrase that the closely discriminating purposes of Congress may be made effective.

Accordingly, in its broad scope we are construing a *paper* provision and endeavoring to ascertain what papers and paper articles Congress intended to include therewithin. With these articles before us no trade testimony to the contrary appearing, we may without fear of challenge say that they are commonly known as *paper* boxes and not as *silk* boxes or "manufactures of silk in the form of boxes," and that when Congress legislated for paper boxes covered with surface-coated paper without any requirement of or limitation as to the character of linings it had in mind precisely this and similar articles;

and, conversely, that when Congress legislated with reference to· manufactures of silk or in chief value of silk, it did not have in mind something which all men know and would naturally refer to as "paper boxes." But, conceding that obvious congressional purpose, has Congress by some other provision under the well-settled rules of con--· struction defeated its unmistakable intent? We think not.

Primarily it should be noted that the provision for "manufactures. of silk or in chief value of silk" in paragraph 318 is modified by the· extruding provision, "not specially provided for in this section;" while the provision for boxes of paper, etc., in paragraph 324 is not so qualified. Ordinarily this limiting phrase as between two competing· paragraphs, one of which is and the other not so modified, refers the goods to the paragraph not so qualified for dutiable purposes, for· example, where the two competing provisions are incomparable as to specificity. Zucker & Levett Chemical Co. *v.* Magone (37 Fed., 776); United States *v.* Albert Lorsch & Co. (158 Fed., 398); Smythe *v.* Fiske (23 Wall., 90 U. S., 374.) While that rule is inapplicable in cases. where the modified phrase is itself more specific than the competing· provision [Knauth, Nachod & Kuhne *v.* United States (4 Ct. Cust. Appls., 58; T. D. 33307); Loewenthal & Co. *v.* United States (6 Ct.. Cust. Appls., 209; T. D. 35464) and cases therein cited] this case seems within the first stated rule for the reason that the language of the two competing provisions seems incomparable as to specificity;. and, therefore, perforce the extruding provision of paragraph 318 the· goods are properly classifiable under paragraph 324. Particularly is this true where the paragraph itself (324) evidences a deliberate use of that phrase therein, it being inserted four times in the paragraph after certain selected provisions therein and omitted as to its other parts. The court may well hesitate under the circumstances to read the here apposite part of paragraph 324 in competition with other paragraphs. of the act without giving due weight to the significant fact that Congress, while designedly attaching the n. s. p. f. clause to the immediately preceding provision and several other provisions of the paragraph, withheld it as to the here pertinent part thereof.

The congressional purpose is further evidenced by. use of the words "composed wholly or in chief value of any of the foregoing papers" in the immediately preceding provision of paragraph 324 as contrasted with "covered with any of the foregoing papers" in the following and here pertinent provision. Patently, Congress was here endeavoring to provide for certain selected and accurately specified articles not according to chief value but according to their precise description afforded by the statute.

The power of Congress to select and legislate exclusively for a group of articles and rate them for a particular duty is of course

unquestioned, and, when that purpose is so clearly evidenced by all pertinent parts of the law, it becomes the duty of the courts to give effect to that intent even in cases where other competing provisions may be more specific in terms. Of the notable instances of such adjudication may be cited Magone v. Heller (150 U. S., 70); United States v. Massce & Co. (6 Ct. Cust. Appls., 395; T. D. 35972); Downing & Co. v. United States (6 Ct. Cust. Appls., 447; T. D. 35984); American Bead Co. v. United States (7 Ct. Cust. Appls., 18; T. D. 36259).

The court, therefore, is of the view that all the pertinent provisions of the statute and applicable rules of construction indicate beyond conjecture the congressional purpose to make the provision of paragraph 324 here in review exclusive within its carefully prescribed scope, which admittedly includes the articles here in suit.

*Affirmed.*