BEFORE THE SECOND DIVISION, FEBRUARY 21, 1945

**No. 50036.**—Protest 105766–K of Schiaparelli, Inc. (New York).

Opinion by KINCHELOE, J. It was agreed at the trial that exhibit 1, representing the merchandise in question, was in chief value of paper and lined with paper, but was not covered or lined with cotton or other vegetable fiber. An inspection of exhibit 1 shows it to consist of a thick circular paper base with a depression in the center for holding a perfume bottle. Fitted or clamped over this base is a cover or top in the shape of a cone about 7 inches high, with a small

circular opening or mouth at the apex, and with a metal handle on the outside. It appeared from the testimony that a bottle of perfume was firmly glued to the base of exhibit 1; that all of the perfumes manufactured and sold by the plaintiff had distinctive bottles for each variety; that each distinctive bottle had an immediate box or container, as well as an outside box for shipping purposes; and that the immediate box or container was of a shape to fit the particular shape of the bottle it contained. It was held that the cone-shaped covers or containers in question come within the dictionary definition of the term "boxes" and also within the purview of paragraph 1405. (*United States* v. *Park & Tilford*, 7 Ct. Cust. Appls. 422, T. D. 36983 cited.) The merchandise was therefore held dutiable as claimed at 5 cents per pound and 10 percent ad valorem under paragraph 1405, as modified by T. D. 49753.