(C. D. 1309)

## B. Shackman & Co. v. United States

United States Customs Court, Second Division

(Decided March 8, 1951)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Arthur R. Martoccia*, special attorney), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Rao, Judge: Plaintiff herein seeks to recover duties alleged to have been illegally assessed upon certain Easter ornaments of paper. The collector of customs at the port of New York classified this merchandise as manufactures of paper, not specially provided for, and assessed duty thereon at the rate of 35 per centum ad valorem, as provided for in paragraph 1413 of the Tariff Act of 1930. The claim in each of the pending protests is that these articles are in fact boxes which fall within the provision in said paragraph 1413 for "boxes, composed wholly or in chief value of paper, papier-mâché or paper board, and not specially provided for," and are accordingly dutiable at the rate of 17½ per centum ad valorem, pursuant to the modification of said provision in the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

There being no dispute that the articles at bar are wholly or in chief value of paper, the only issue which here concerns us is whether or not they are in fact boxes. It is the contention of the plaintiff that this question must be answered in the affirmative for the reason that the common meaning of the word "boxes" includes the instant merchandise. The Government, of course, argues to the contrary.

The samples of the merchandise which have been received in evidence, together with the oral testimony adduced herein, reveal that

they are small, brightly colored articles, more or less in the form of chicks, rabbits, ducks, and the like, used to contain candies suitable for the season of which they are symbolic. These articles are so constructed that they all come apart in one manner or another—some split in the middle; others have a removable base or head—and they are all hollow.

The proposition that the common meaning of a statutory term is a matter of law to be determined by the court is by now so well established that we deem the citation of any cases in support thereof to be unnecessary. It is equally well established that in arriving at that meaning the court may draw upon its own knowledge, or, if need be to refresh its recollection, consult any available qualified authority.

It would appear that the term "box" is of so simple and elementary a character that the mere utterance of the word would ordinarily suggest its meaning and connotation. Yet, as in the case of many words, current in common expression, the meaning of the term in question is much more complex and obscure than its frequent and repeated use would seem to indicate. There is no comprehensive, well-defined understanding of the word "box" to which we can point as signifying any particular juxtaposition of planes and angles or as denoting any specific shape or form of structure.

Webster's New International Dictionary, 1948 Edition, defines "box" as—

*n.* **1.** Typically, a receptacle with four sides, a bottom, and a cover, made of any of various materials, as wood, cardboard, steel, etc.; loosely, any of various similar receptacles. *Box* is the general term for closed receptacles, esp. such as are readily portable, and includes *case, casket, chest, coffer, pyx*, etc. In early use *box* was commonly restricted to small receptacles.

In Funk & Wagnalls New Standard Dictionary of the English Language, 1942 Edition, we find:

**box.** *n.* **1.** A receptacle or case, usually six-sided and rectangular, of wood, pasteboard, metal, or other material, for many and various uses. A *box* is distinguished from a *basket* in having stiff, more or less solid, sides; from a *bowl*, in being square rather than round: from a *barrel, hogshead*, or the like, in that the latter is made of staves bound in hoops.

**2.** Any one of various objects or receptacles variously resembling a box.

The New Century Dictionary, 1946 Edition, describes a "box" as—

*n.* A case or receptacle, as of metal, wood, or pasteboard, in many forms and sizes; a chest; * * *.

In the 1947 Edition of the Encyclopaedia Britannica, the following appears:

**box.** A container or receptacle of dimensions usually not exceeding 2 or 3 ft., made of various firm materials into many different shapes, and provided with a lid which opens by lifting or sliding, and which may be fastened by hinges, catches, hasps and locks.

It is therefore evident that while, in the strict sense, a box is ordinarily a receptacle or container with four sides, a bottom, and a cover, in the broad sense, the word embraces containers, receptacles, and cases in many other shapes and forms. We know, and readily recognize as responding to the designation, hat-*box*, an article which, though it has a bottom and a cover, is round, and does not have four sides. Plaintiff's witness, Austin G. Clark, whose employer, Schall & Co., has been manufacturing boxes for 20 years or more, testified that his company has produced boxes in the shape of firecrackers, hatchets, hearts; boxes which were oblong, oval, and round.

In the case of *Ostheimer Bros.* v. *United States*, T. D. 10950, G. A. 445, certain articles described by the Board of General Appraisers as "fancifully wrought receptacles for confectionery, in the form of small shoes, the lower or slipper portion being composed of paper and the upper part of silk cloth with a silk cord inserted at the top for use in closing like the mouth of a pouch or bag," were held to be covered by the provisions in paragraph 390 of the Tariff Act of 1883, for all other fancy boxes, the court there stating:

Although, as appears from the invoice, the goods were procured abroad from a manufacturer of fancy boxes, they are invoiced as "slippers of paper," and the importers claim they are dutiable at 15 per cent. ad valorem, under T. I., 388. They are intended for use, and are known in the trade as bonbon boxes or cases, and the fact that they are fashioned like a shoe or slipper does not remove them from classification as "fancy boxes." According to Webster, a box is "a case or receptacle of any size or made of any material."

Similarly, in *C. B. Richards & Co.* v. *United States*, T. D. 19490, G. A. 4184, candy boxes made of paper, in the form and color of a fish, a loaf of bread, and an apple were held to be within the provision of paragraph 405 of the Tariff Act of 1897 for fancy boxes.

Obviously implicit in the decision that all of those articles were properly classified as "fancy boxes" is a finding that they were, in fact, boxes.

In the case of *F. A. O. Schwartz* v. *United States*, T. D. 16353, G. A. 3182, affirmed in *United States* v. *Schwartz*, 76 Fed. 452, the involved merchandise consisted of articles known in the trade as "Easter rabbits." While the board was there concerned with whether those articles were toys, as claimed, rather than manufactures of papier mâché, as classified, it is interesting to note that the board described them as "bonbon *boxes* in the form of rabbits with removable heads or covers." [Italics supplied.]

The only common characteristics running through all of these definitions and examples are that the article be capable of use as a container or receptacle, and that it have a bottom or base and a cover or lid. Moreover, in the *Ostheimer* case, *supra*, the requirement of a lid or cover was apparently not deemed a necessary one.

It can not be denied that the merchandise here involved falls within that general description. Each of these articles is capable of use as a container of candy; and each of these articles has a base or bottom and a cover or a lid. It would seem to follow, therefore, that the articles at issue are boxes, within the common meaning of that term.

Counsel for the defendant, however, cites in its brief, the case of *United States* v. *Marshall Field & Co.*, 19 C.C.P.A. (Customs) 331, T. D. 45483, as involving a contrary judicial interpretation of the term "box." In that case, certain articles of glass classified pursuant to the provisions of paragraph 218(e) of the Tariff Act of 1930 as bottles or jars, designed to be used as containers of perfume, talcum powder, etc., were claimed to be dutiable either as articles wholly or in chief value of glass (paragraph 218(f) of said act) or as manufactures of glass under paragraph 230 (d) thereof. Since neither the provision employed by the collector in his classification of the merchandise, nor the paragraphs asserted by the importer to be applicable, contained the word "box," whatever the court may have said concerning the meaning of the term in question would seem to be mere dictum. The precise holding of the court, on the issue raised by the controverted provisions, was that the article was a jar within the meaning of paragraph 218 (e), *supra*. The case cannot, therefore, be regarded as an authority on the meaning of the term "box." In any event, we deem the cited case to be factually and legally distinguishable from the instant one.

In view of the foregoing considerations, we hold that the merchandise here in issue consists of boxes, wholly or in chief value of paper, dutiable at 17½ per centum ad valorem as provided for in said paragraph 1413, as modified by the General Agreement on Tariffs and Trade, *supra*. The claim in the protests is, therefore, sustained.

Judgment will be entered accordingly.