BEFORE THE SECOND DIVISION, DECEMBER 15, 1955

**No. 59557.**—Keuffel & Esser Co. *v.* United States, protest 201406–K (New York).

RAO, Judge: In this action, we are called upon to determine the proper dutiable status of certain empty receptacles designed for holding drawing instruments.

. These articles, a sample of which is in evidence as plaintiff's exhibit 1, are in the form of flapped cases, which, when closed, are 5¼ inches wide, 10¼ inches long, and approximately three-fourths of an inch deep. One of the enfolding sides covers the full width of the case, the other laps over it 2⅝ inches and fastens by means of button snaps, two in number, placed, respectively, on the outside of the lower cover and the inside of the upper one, 2 inches from either end. The containers obtain their depth from rectangular wooden forms, grooved with appropriate sections for holding the drawing instruments, covered and lined, as is all of the inner portion thereof, except for a 2-inch segment of the outer flap, with cotton velvet. The outer covering of these articles is an imitation of leather, stated to be impregnated or coated cotton cloth, probably over cardboard.

This merchandise was classified by the collector of customs at the port of New York as manufactures, wholly or in chief value of cotton, not specially provided for, within paragraph 923 of the Tariff Act of 1930 and, accordingly, was assessed with duty at the rate of 40 per centum ad valorem. It is the sole contention of plaintiff that the subject merchandise should have been assessed with duty at the rate of 5 cents per pound and 10 per centum ad valorem, by virtue of the provisions in paragraph 1405 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, for boxes of wood, covered or lined with cotton or other vegetable fiber.

The parties are agreed that the grooved portion of plaintiff's exhibit 1 is of wood; that the entire article is covered or lined with cotton; that cotton is the

component material of chief value; and that the only issue is whether or not it is a box.

In the first instance, we deem it appropriate to observe that if the merchandise at bar, of which exhibit 1 is an exemplar, is in fact boxes, under the principle enunciated by our appellate court in the case of *United States* v. *Park & Tilford*, 7 Ct. Cust. Appls. 422, T. D. 36983, classification within the provisions of paragraph 1405, *supra*, is not to be denied because cotton, and not wood, is the component material of chief value. As therein stated, concerning paragraph 324 of the Tariff Act of 1913, the predecessor of the present paragraph 1405, and identical therewith in its provision for boxes of wood, covered or lined with cotton:

* * * Patently, Congress was here endeavoring to provide for certain selected and accurately specified articles not according to chief value but according to their precise description afforded by the statute.

If, then, these articles are boxes, the claim of the plaintiff for classification within the provisions of paragraph 1405, as modified, *supra*, must be sustained. There being no question of commercial designation of the merchandise in issue, the determination of whether these articles are boxes depends upon the common meaning of the term. In the case of *B. Shackman & Co.* v. *United States*, 26 Cust. Ct. 111, C. D. 1309, this court had occasion to inquire into that meaning, with respect to the provision for boxes in paragraph 1413 of the present law, and, in connection therewith, had this to say:

The proposition that the common meaning of a statutory term is a matter of law to be determined by the court is by now so well established that we deem the citation of any cases in support thereof to be unnecessary. It is equally well established that in arriving at that meaning the court may draw upon its own knowledge, or, if need be to refresh its recollection, consult any available qualified authority.

It would appear that the term "box" is of so simple and elementary a character that the mere utterance of the word would ordinarily suggest its meaning and connotation. Yet, as in the case of many words, current in common expression, the meaning of the term in question is much more complex and obscure than its frequent and repeated use would seem to indicate. There is no comprehensive, well-defined understanding of the word "box" to which we can point as signifying any particular juxtaposition of planes and angles or as denoting any specific shape or form of structure.

Webster's New International Dictionary, 1948 Edition, defines "box" as—

*n.* **1.** Typically, a receptacle with four sides, a bottom, and a cover, made of any of various materials, as wood, cardboard, steel, etc.; loosely, any of various similar receptacles. *Box* is the general term for closed receptacles, esp. such as are readily portable, and includes *case, casket, chest, coffer, pyx,* etc. In early use *box* was commonly restricted to small receptacles.

In Funk & Wagnalls New Standard Dictionary of the English Language, 1942 Edition, we find:

**box.** *n.* **1.** A receptacle or case, usually six-sided and rectangular, of wood, pasteboard, metal, or other material, for many and various uses. A *box* is distinguished from a *basket* in having stiff, more or less solid, sides; from a *bowl,* in being square rather than round: from a *barrel, hogshead,* or the like, in that the latter is made of staves bound in hoops.

**2.** Any one of various objects or receptacles variously resembling a box.

The New Century Dictionary, 1946 Edition, describes a "box" as—

*n.* A case or receptacle, as of metal, wood, or pasteboard, in many forms and sizes; a chest; * * *

In the 1947 Edition of the Encyclopaedia Britannica, the following appears:

**box.** A container or receptacle of dimensions usually not exceeding 2 or 3 ft., made of various firm materials into many different shapes, and provided

with a lid which opens by lifting or sliding, and which may be fastened by hinges, catches, hasps and locks.

Counsel for plaintiff has adverted to further definitions, but no useful purpose would be served in setting them forth here as they are of the same general tenor as those we have cited. No brief has been filed in behalf of defendant.

It seems plain that the articles in issue fall within the scope of the quoted definitions. With complete accuracy and precision of speech, they may be described as cases, containers, or receptacles, all of which are recognized synonyms for the word "box," which appears in paragraph 1405, *supra*. These are in fact, and in common parlance, cases for holding drawing instruments. By virtue of equivalence in connotation, they are likewise drawing instrument boxes, and we so hold.

In view of the foregoing, the claim of the plaintiff for classification of the instant merchandise within the provisions of paragraph 1405 of the Tariff Act of 1930, as modified, as boxes of wood, covered or lined with cotton or other vegetable fiber, with the consequent assessment of duty at the rate of 5 cents per pound and 10 per centum ad valorem, is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.