No. 57818.—Seawol Corporation and Edward S. Zerwekh Co. *v.* United States, protest 184086–K (Los Angeles).

FORD, Judge: The merchandise the subject of this protest was classified by the collector as manufactures of metal, not specially provided for, and duty was levied thereon at the rate of 22½ per centum ad valorem under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiffs claim said merchandise to be properly dutiable as parts of sewing machines, not specially provided for, and dutiable at only 10 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified, *supra.*

At the trial, a sample of the involved merchandise was admitted in evidence as exhibit 1, and one witness testified for the plaintiffs. The witness testified that he is associated with the Seawol Sewing Supplies, which company sells sewing machines and sewing-machine parts to dealers and jobbers; that the company has imported approximately 40,000 sewing machines or sewing-machine heads at the port of Los Angeles; that the lamp is attached to a sewing machine; "There is an aerial on the sewing machine suitable for that purpose. This bracket is screwed onto the back of a sewing machine by means of this little hole"; "This wire is then plugged, and a plug is placed in a receptacle that is supplied with the sewing machine, and of course, when the switch is turned on the light lights, showing illumination over the work surface of the sewing machine." "Well, some years ago it became the style to have a receptacle on the back of most sewing machines, very similar in shape to this round bracket. Singer Company, for example, has that same type of receptacle."

The witness further testified that the involved lamps could be used in a make-shift way to throw light on anything, but that would be rather impractical; that the purpose, of course, is to illuminate the sewing area; that most rooms have an overhead light, but the sewing machine itself casts a shadow on the working area, and, as a result, this light is placed in such a position that no shadow is cast; that it makes for more efficient operation of the sewing machine; that if you can see what you are doing you can naturally do a better job.

The witness testified further that he sells sewing machines with and without these lamps, and that when they are sold together an additional charge is made for the lamp; that he had seen sewing machines without lamps attached to them or built into them. The witness was questioned and answered as follows:

X Q. How does the operator of the machine secure enough light to operate the machine if they don't have the sewing machine lamp?—A. Well, I imagine they can supply the light through other sources—a lamp, a regular household lamp could be placed near enough to the machine to give a certain amount of illumination. The big problem is shadows. The main thing that this light does is eliminate the shadow from an overhead light.

X Q. But the actual sewing operation of the sewing machine would not be affected by the type of light?—A. No. If any light is supplied for illumination it would be just as good.

Based upon this record, counsel for the plaintiffs, in its brief filed herein, states the issue as follows:

If a lamp-holding device is designed exclusively to be attached to sewing machines especially equipped to receive such a piece of equipment for the purposes of illuminating the work to be done and giving better production and safety, and if it has no other use, is it a part of a sewing machine?

Counsel for the defendant, in its brief filed herein, states the issue as follows:

Whether the imported sewing lamp, which can be attached to a variety of sewing machines and which sewing machines are sold with or without these lamps and which lamps are sold separately and at an additional cost to the buyer, is necessary to the completion of any sewing machine, and whether it is such an integral, constituent, or component "part," without which any sewing machine to which it may be attached could not function as such article; or whether the Government is correct in its contention that such lamp is only an optional "accessory."

*United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, announces the following rule for determining whether an article is a part of another article in a tariff sense:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article. Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T. D. 34249; *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T. D. 41673; *Peter J. Schweitzer, Inc.* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872, and cases cited therein; *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266.

The mere fact that two articles are designed and constructed to be used together, does not necessarily make either a part of the other. *Columbia Shipping [Shipbuilding] Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T. D. 39085; *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680.

It is a matter of common knowledge, of which this court might well take judicial notice, that a sewing machine will operate or function as a sewing machine as efficiently with some other light as with the light or lamp here involved. As was stated by the judge before whom this case was tried:

I can remember 60 years ago my mother ran a sewing machine, before the electric light was invented, and it was used very successfully. So that these are—very obviously these aren't absolutely essential; the court knows that.

However, it is not necessary for us to rely upon our judicial knowledge of this fact, since the testimony of plaintiffs' own witness makes it abundantly clear that any sewing machine, to which the involved lamps could or might be joined, can and does operate just as efficiently without the involved lamp as it could or would with it attached or joined thereto, provided, of course, that there is other ample light. It is not to be presumed, of course, that any one would attempt to operate any sewing machine without sufficient light of some kind to make such operation safe and efficient.

Counsel for the plaintiffs cites, as supporting its contention herein, the case of *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434, and quotes therefrom the following:

We think lamps and horns are essential and necessary parts of automobiles and that automobiles cannot be efficiently, safely, or properly operated without them. Even if we were to adopt the test made in certain cited cases where, if the use is optional, it is not "a part," we would not regard our views in this case as in con-

flict with the decided cases, since it is a matter of common knowledge that the use of lamps and horns is not optional if the operator of the machine operates it in a safe, efficient, and proper manner. The machine could be operated without mud guards, without tires, and without a wind shield, and yet it is obvious that they are necessary and generally required if the machine is to be operated in its usual manner. To operate an automobile without lights would certainly limit it to day operations, and the use of a horn or some other sounding device is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable.

Referring to the *Bosch* case, *supra*, counsel for the defendant, in its brief filed herein, points out that:

* * * That case is readily distinguishable from the case at bar since a sewing machine is not operated on dark streets and highways like an automobile. The home or factory can supply sufficient light to protect the eyesight and safety of the operator. Various laws pertaining to motor vehicles require that these vehicles have headlights and horns, but undoubtedly no such requirement is contained anywhere for sewing machines. The Court of Appeals pointed out that one of the considerations which evidently influenced the Board in its view and was referred to in its opinion is the fact that the law requires them to be used and "makes them in a sense more indispensable than other articles which are concededly parts of automobiles."

*W. C. Sullivan & Company* v. *United States*, 26 Cust. Ct. 247, C. D. 1331, involved the proper classification of certain so-called "storm hats," being a device attached to an exhaust pipe of a tractor. The record showed that the storm hats prevented fire coming from the exhaust and that:

* * * "After the engine of the tractor starts, the exhaust fumes from the exhaust pipe raise the lid and allow the fumes to escape. * * * It is put on the exhaust pipe in such a way that the lid tilts towards the operator, and the deflection makes the fumes come out in such a way that they do not come into the operator's face. * * * When the motor stops, why the lid is counterbalanced so that it drops quite easily. * * * When the motor is not in operation, it forms a lid over the exhaust pipe."

In deciding that the storm hats were not parts of agricultural implements, this court said:

Applying the doctrine of the *Willoughby* case, *supra*, it would seem that the so-called storm hats which form the subject of this controversy are not, in a tariff sense, parts of agricultural implements because they are not integral, constituent, or component parts, without which the article to which they are to be joined could not function as such article, but rather are they in the nature of accessories for use in conjunction with agricultural implements, and possibly with other types of machines. See *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872, cited by the court in the *Willoughby* case, *supra*.

The record in this case, considered in connection with the authorities heretofore cited, makes it clear that the involved lamps are not, in a tariff sense, parts of sewing machines because they are not integral, constituent, component parts, without which the sewing machines to which they are to be attached or joined could not function as sewing machines, but rather are they in the nature of accessories for use in conjunction with sewing machines.

The plaintiffs having failed to establish their claim that the involved lamps are parts of sewing machines, it follows that they have also failed to overcome the presumption of correctness attaching to the action of the collector in classifying said lamps as manufactures of metal, not specially provided for, under said paragraph 397, as modified, *supra*. All claims of the plaintiffs are, therefore, overruled. Judgment will be rendered accordingly.