BEFORE THE FIRST DIVISION, MAY 21, 1958

**No. 61971.**—J. E. Bernard & Company, Inc. *v.* United States, protest 272628–K/ 7638 (Chicago).

OLIVER, Chief Judge: This protest relates to merchandise described on the invoice as "Music Box Components," which the collector classified under the provision for parts of cigar or cigarette lighters in paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52836, carrying a duty assessment of 55 per centum ad valorem. Plaintiff claims that the merchandise is properly classifiable under the provision for music boxes, and parts thereof, not specially provided for, in paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 48093, with a duty assessment of only 20 per centum ad valorem.

This is a case in which the samples are potent witnesses. Accordingly, a detailed description thereof is pertinent. The article in question (plaintiff's exhibit 1) is the bottom part of a cigarette lighter, with a music-box mechanism enclosed therein. It is 1¾ inches high and 2 inches wide, rounded at the corners. It is composed of metal and is covered with brown leatherette. On one side, there is a winding key for winding up the music-box mechanism. Below the key, is a small metal pin. By pulling the pin, the musical mechanism operates and sounds are released. By compressing the pin, the sounds are stopped. Across

the bottom plate are the inscription "MUSICAL LIGHTER" and an imprint of the musical scale. The top of the article is open and is recessed for approximately 1¼ inches to serve as a receptacle or a holder for the lighter head (plaintiff's exhibit 2). The lighter head, composed entirely of metal, is made so as to fit into the top of the merchandise in question (exhibit 1, *supra*). The upper part of the lighter head consists of a wick, flint, abrasive wheel, and spring-operating handle. The lower portion, that fits into the recessed part of the article under consideration, serves as a housing for the cotton that must be saturated with lighter fluid for practical use of the lighter. The bottom of the lighter head is unfinished. The edges are rough. The cotton is exposed or protrudes, so that when it is saturated with the lighter fluid, the lighter head, if separated from the imported portion, is not susceptible of use, either to be carried on or about the person or to be placed on a table or other piece of furniture. The appearance of the two samples (exhibits 1 and 2, *supra*) supports plaintiff's testimony that both articles are always combined and sold together as a finished commercial unit, which the witness characterized as "a cigarette-lighter music-box combination." It is substantially the same as the musical lighter (plaintiff's exhibit 3). It bears the inscription "MUSICAL LIGHTER."

It is true, as plaintiff's witness stated, that the use of the music-box mechanism is in no way related to, or connected with, the operation of the lighter mechanism, and that the use of either is not dependent on the other. In other words, a cigarette can be lighted without hearing musical sounds, and the musical tones can be heard, by winding the key and releasing the pin, without employing the lighter mechanism. The individual function of each, however, will not affect our finding that the article under consideration is a part of a cigarette lighter. The controlling condition is that, at the time of importation, the merchandise in question (exhibit 1) was dedicated to its exclusive use with the lighter head (exhibit 2, *supra*), and, when applied to that use, it becomes an integral, constituent, or component part, without which the cigarette lighter could not properly and practically function as such article. Under such a set of facts, the article in question is properly classifiable as a part of a cigar or cigarette lighter, as assessed by the collector. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851; *United States* v. *Antonio Pompeo*, 43 C. C. P. A. (Customs) 9, C. A. D. 602.

Plaintiff claims, as stated in counsel's brief, that the merchandise in question "is nothing more than an accessory," and, to support such contention, four cases have been cited. *Modernaire Furniture, Inc.* v. *United States*, 39 Cust. Ct. 483, Abstract 61224; *Naumes Forwarding Service* v. *United States*, 39 Cust. Ct. 509, Abstract 61377; *Seawol Corporation et al.* v. *United States*, 32 Cust. Ct. 392, Abstract 57818; and *Inter-Maritime Forwarding Co., Inc.* v. *United States*, 31 Cust. Ct. 301, Abstract 57622. None of those cases supports plaintiff's position as the following review of each discloses.

In the *Modernaire Furniture, Inc.*, case, the court found that the headboards there under consideration were sold as an individual item of furniture; that they are not necessarily jointed to the beds with which they may be used; and that the beds are complete, in both a utilitarian and a decorative or ornamental sense, without the use of such headboards. The court, therefore, held that the headboards were "accessory, as distinguished from integral parts of the beds with which they are used." In the present case, the merchandise in question is exclusively used with the lighter head (exhibit 2, *supra*), and both articles are never sold separately, but always joined together as a finished commercial unit, i. e., a cigarette lighter with music-box mechanism.

Both the *Naumes Forwarding Service* and the *Seawol Corporation* cases, *supra*, involved certain lights for sewing machines. The articles were excluded from

classification as parts of sewing machines on a showing that any sewing machine would operate just as efficiently without the lamps in question as it could when the lamps were attached. This is not true with respect to the item under consideration (exhibit 1, *supra*). Without the use of this merchandise, the lighter mechanism (exhibit 2, *supra*) is not susceptible of use, but when both articles are combined, they form an article of commerce that is sold by plaintiff's witness as "a cigarette-lighter music-box combination."

The *Inter-Maritime Forwarding Co., Inc.*, case, *supra*, involved certain transformers and leads that were used in conjunction with ophthalmoscopes only when it was necessary to adjust electric current to the proper voltage. Because the use of the articles with ophthalmoscopes was only occasional, and only under certain circumstances, the court held the transformers and leads to be merely accessories to, and not parts of, ophthalmoscopes. The exclusive use of the merchandise involved herein as an integral part of a cigarette lighter makes the reasoning followed and the conclusion reached in the *Inter-Maritime Forwarding Co., Inc.*, case inapplicable in this case.

Important to the disposition of the present issue are two cases in which a music-box mechanism formed part of the imported unit. *Thorens, Inc.* v. *United States*, 31 C. C. P. A. (Customs) 125, C. A. D. 261; *Lador, Inc.* v. *United States*, 4 Cust. Ct. 123, C. D. 304. Neither of those cases was cited by either party, and, while the issues therein were not identical with the question now before us, there is sufficient similarity between them and this case to warrant a discussion of each. In the *Thorens, Inc.*, case, the commodity consisted of a toilet-paper distributor or roll holder equipped with a music-box mechanism that played a tune when the roll was turned. The *Lador, Inc.*, case related to merchandise consisting of a music box, on the top of which was a metal holder, equipped with a set of three thumbscrews for holding a small Christmas tree. In each of those cases, the court found that the particular commodity under consideration, with its combined features, was something more than a music box, and, therefore, in both instances, the merchandise was excluded from classification under the provision for music boxes and parts thereof in modified paragraph 1541 (a). Similarly, in the present case, the completed commercial article is something more than a music box. It is, in fact, a cigarette lighter, designed for and exclusively used as such. The music-box mechanism gives the article a novelty feature, but the finished product, at all times, retains its identity as a cigarette lighter of which the merchandise in question is an integral or component part, as classified by the collector.

On the basis of the record before us, and for all of the reasons hereinabove set forth, we hold the merchandise in question, described on the invoice as "Music Box Components," to be properly classifiable under the provision for parts of cigar or cigarette lighters in paragraph 1527 (c) (2), as modified, *supra*, and dutiable at the rate of 55 per centum ad valorem, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.