BEFORE THE FIRST DIVISION, DECEMBER 15, 1959

**No. 63602.**—Lador, Inc. *v.* United States, protest 58/1695 (New York).

OLIVER, Chief Judge: This protest has been limited to certain musical movements included on the invoices covered by entries 906207 and 803146. Duty was assessed thereon at the rate of 20 per centum ad valorem under paragraph 1541 of the Tariff Act of 1930, as amended, as parts of music boxes. Plaintiff claims that the merchandise is properly classifiable as machines, not specially provided for, under paragraph 372 of the Tariff Act of 1930, as modified, with a duty assessment of 13 per centum ad valorem.

The two witnesses who appeared herein are officers of the plaintiff corporation, an importer and manufacturer of musical and nonmusical novelties. The secretary of the plaintiff corporation, who is also the factory manager, described the operation of the musical movements in question, as follows (R. 26):

The unit is wound through a ratchet wheel that incorporates spring tension in a housing. This tension releases energy through the gearing rotating the drum, causing the pins to come, to elevate. This gives you a musical vibration. The action is controlled by an air governor, through various gear ratios. When the movement is fully wound it will have a greater speed than when it is partially unwound.

The combined testimony of both witnesses establishes that plaintiff uses the imported musical movements in the manufacture of various items, including atomizer (plaintiff's illustrative exhibit 4), beer stein (plaintiff's illustrative exhibit 5), powder box (plaintiff's illustrative exhibit 6), and choir boys (plaintiff's illustrative exhibit 7), as well as in teapots, decanters, cocktail shakers, jewelry boxes, cigarette boxes, cake plates, small Christmas trees, Madonnas, and many other items. In their imported condition, these musical movements are not susceptible of use. To be used in any of the items manufactured by plaintiff, they must be assembled onto a sounding board, which may be either wood, plastic, or metal. The completed items, with the musical movement fitted thereto, are sold throughout the United States by plaintiff as musical novelties. Explaining the use of a musical movement, such as those involved herein, when it is fitted to the atomizer (exhibit 4, *supra*), the secretary of the plaintiff corporation testified as follows (R. 16) :

The musical unit is wound with a coin, to turn in a clockwise direction. This winds a spring, which stores up energy within the spring, until it is released by a stopping mechanism. When the stopper is released, through gearing ratios, we drive a drum, which in turn picks up, the teeth on the drum picks up the teeth on the comb, and it is restricted through an air governor,· two gear ratios. When we set the atomizer down it then stops playing.

To support plaintiff's claim that the musical movements in question are machines, counsel has cited the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537, which defined a machine as "a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion." The cited case arose under the Tariff Act of 1913 and was decided as early as February 8, 1918. In later decisions, our appellate court has emphasized that the opinion in the cited case did not purport to lay down an all-inclusive definition of the term "machine" for tariff purposes. *United States* v. *Wm. Goldenblum & Co.*, 18 C.C.P.A. (Customs) 367, T.D. 44616 ; *United States* v. *Guth Stern & Co., Inc.*, 21 C.C.P.A. (Customs) 246, T.D. 46777 ; *United States* v. *Associated Mfg. Co.*, 30 C.C.P.A. (Customs) 236, C.A.D. 238.

In the *Wm. Goldenblum & Co.* case, *supra*, which involved certain carpenters' braces that were claimed to be classifiable as machines, the court, in rejecting the claim, stated as follows :

* * * If it is proper to hold that the imported articles utilize, apply, or modify energy or force, or that they are mechanical contrivances for the transmission of motion, within the meaning of the definition announced by this court in the *Simon, Buhler & Baumann* case, then every tool, no matter how simple, is a machine within that definition. In the same sense, although possibly to a different degree, lead pencils, penholders, knives, forks, spoons, golf clubs, tennis rackets, baseball bats, screw drivers, hammers, chisels, and a multitude of other articles utilize, apply, or modify energy or force, or transmit motion and, accordingly, if the involved articles are machines in a tariff sense, would be included within the provision for machines and, unless more specifically provided for elsewhere, would be dutiable thereunder. Obviously, a holding that the involved articles are machines for tariff purposes would result in reducing the definition of machines to an absurdity. * * *

The mere fact that these tools, solely by virtue of leverage, furnish a mechanical advantage—increased power—is not sufficient to bring them within the provision for all other machines, finished or unfinished, not specially provided for, contained in paragraph 372. We are of opinion that the involved articles do not

utilize, apply, or modify energy or force, or transmit motion, within the meaning of the definition of machines announced by this court in the *Simon, Buhler & Baumann* case, *supra*, and we so hold.

Commenting on the meaning of the definition of the term "machine," as announced in the *Simon, Buhler & Baumann* case, *supra*, our appellate court, in *United States* v. *Guth Stern & Co., Inc.*, 21 C.C.P.A. (Customs) 246, T.D. 46777, stated as follows:

\* \* \* it has never been the purpose of this court to hold arbitrarily that the definition is so rigid and exact in its terms as to include any and all devices and mechanisms that may happen to be literally embraced within it. An examination of numerous definitions given in the very authorities cited in the *Simon, Buhler & Baumann* case, *supra*, discloses distinctions which should be taken as matters of common knowledge. \* \* \*

In the *Associated Mfg. Co.*, case, *supra*, which involved children's tricycles, and wherein the importer's claim for classification as machines was overruled, the court stated as follows:

It has been held many times by this court that that definition [a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion], while correctly defining the term "machine," is a very broad one and it never was intended to mean that every mechanical contrivance which utilizes or applies or modifies energy or force or for the transmission of motion must be considered in a tariff sense a machine. \* \* \*

\*      \*      \*      \*      \*      \*      \*

If the involved tricycles are to be considered in a tariff sense as machines, so is a slingshot, or a peashooter, or an apple on a casting stick, or a bow and arrow, or roller skates, or a pogo stick, or a wheelbarrow. These are all mechanical contrivances for the transmission of force into motion, yet it would be absurd to conclude that simply because they do transmit force into motion they are to be considered as intended by Congress to come within the catch-all portion of the machine paragraph if they were not otherwise specially provided for.

Musical movements, such as those involved herein, which produce musical tones through the release of spring tension that revolves a small cylindrical drum, causing contact of tiny pegs on the drum with the teeth of a so-called metal comb, are not a machine in the tariff sense of the term. The operation of these musical movements does not involve such modification or utilization of energy or force within the meaning of the term "machine," as construed in the *Simon, Buhler & Baumann* case, *supra*, and as further defined and clarified in the authorities hereinabove cited.

It may be said, as argued in plaintiff's brief, that "the imported musical movements have substantial use with various types of articles which are not music boxes." The statement, however, can apply, on the basis of the record herein, only as to plaintiff's use of the present merchandise. The testimony before us includes admissions that these musical movements are imported by other importers, in addition to plaintiff. Plaintiff's witnesses stated that they did not know how the articles are used by anyone, except plaintiff. The inference to be drawn therefrom supports the collector's classification which carries a presumption of correctness that the musical movements in question are chiefly used as parts of music boxes.

Counsel for plaintiff, in its brief, cite a line of cases that involved various articles and parts of articles in which a music-box mechanism formed part of the imported unit. *Thorens, Inc.* v. *United States*, 31 C.C.P.A. (Customs) 125, C.A.D. 261, wherein the merchandise consisted of a toilet-paper distributor or roll holder equipped with a music-box mechanism that played a tune when the roll was turned; *Lador, Inc.* v. *United States*, 4 Cust. Ct. 123, C.D. 304, which involved a music box, on the top of which was a metal holder, equipped with a

set of three thumbscrews for holding a small Christmas tree; *J. E. Bernard & Company, Inc.* v. *United States*, 40 Cust. Ct. 563, Abstract 61971, in which the merchandise consisted of the bottom part of a cigarette lighter with a music-box mechanism enclosed therein; and *Premier Decorations, Inc.* v. *United States*, 24 Cust. Ct. 478, Abstract 54361, that involved a musical ceramic powder jar. None of those cases involved an issue comparable to the question now before us. In this case, the musical movements in question are alleged to be dutiable as machines. Such a claim was not presented in any of the cited cases.

Plaintiff also cites the cases of *National Carloading Corp.* v. *United States*, 44 C.C.P.A. (Customs) 77, C.A.D. 640; *The American Import Co.* v. *United States*, 39 Cust. Ct. 9, C.D. 1894. Both cases involved the principle of dedication to use, which has no application herein. They have no bearing on the disposition of the present issue.

It is a well-settled principle of customs law that the plaintiff in a classification case has the twofold burden of proving the correctness of the alleged claim, as well as showing that the collector's classification is wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C.C.P.A. (Customs) 150, C.A.D. 227; *United States* v. *Enrique C. Lineiro*, 37 C.C.P.A. (Customs) 5, C.A.D. 410. On the basis of the present record, plaintiff herein has not sustained its burden.

For all of the reasons hereinabove set forth, we hold that the musical movements covered by the invoices with entries 906207 and 803146 are properly classifiable as parts of music boxes under paragraph 1541 of the Tariff Act of 1930, as modified, and dutiable thereunder at the rate of 20 per centum ad valorem, as assessed by the collector. The protest is overruled so far as it relates to the two said entries.

The protest, having been abandoned as to entry 903588, is dismissed so far as it relates to the merchandise covered by that entry.

Judgment will be rendered accordingly.