### O. G. HEMPSTEAD & SON v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania.   March 8, 1909.)

#### No. 80 (1,979).

CUSTOMS DUTIES (§ 27*)—CLASSIFICATION—"FURNITURE OF WOOD."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 (U. S. Comp. St. 1901, p. 1647), providing for "furniture of wood, * * * and manufactures of wood, or of which wood is the component material of chief value," the last clause as to chief value does not relate to the provision for furniture; and furniture whose framework and principal bulk are of wood is furniture "of wood," within the meaning of the paragraph, though decorative metal may be the component of chief value.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 27.*]

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,626 (T. D. 28,255), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of Philadelphia.   Note Woodruff v. U. S. (C. C.) 168 Fed. 452.

Comstock & Washburn (George J. Puckhafer, of counsel), for importers.

Jasper Yeates Brinton, Asst. U. S. Atty.

J. B. McPHERSON, District Judge.    It is agreed by counsel that the merchandise in question (which is known in the trade as "Buhl furniture") is fairly represented by a sample that was produced in court at the argument.   This sample is undoubtedly a piece of house or cabinet furniture.   It is a table, somewhat ornate in design, whose framework and principal bulk are of wood, while its decoration consists partly of paint, and partly of brass work either inlaid or affixed.   The importers conceded that the brass work was the component material of chief value; and, apparently giving controlling weight to this concession, the Board of General Appraisers classified the merchandise under paragraph 193 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]), as an article "composed wholly or in part of * * * metal, whether partly or wholly manufactured," and assessed the duty at 45 per cent. ad valorem.   Undoubtedly the language just quoted is broad enough to include the table; but the paragraph contains a limiting phrase that needs preliminary attention before the merchandise can be safely assigned to its proper group.   No article can be classified under paragraph 193—which is a catch-all provision—unless it is merchandise "not specially provided for in this act," and the importers contend

that paragraph 208 (Schedule D, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647]) does specially provide for the furniture now in question, and imposes duty thereon at the rate of 35 per cent. ad valorem. This paragraph reads as follows:

"House or cabinet furniture of wood, wholly or partly finished, and manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act."

The merchandise under consideration is not specially provided for elsewhere, and is clearly included in "house or cabinet furniture of wood, wholly or partly finished," unless the generality of this phrase is restricted by the words that appear later in the paragraph, namely, "or of which wood is the component material of chief value." In my opinion, the phrase referred to is not so restricted. As it seems to me, paragraph 208 describes at least three, and perhaps four, classes of articles. Of these the first is house or cabinet furniture of wood, and the second is other manufactures of wood. If we pause there for a moment, it is clear, both from the testimony and from the evidence afforded by one's senses, that, if the paragraph described only one of these two classes, the table might be properly assigned to either. It is certainly an article of house or cabinet furniture, and with equal certainty it is also a manufacture of wood; but, as both these classes are used in the paragraph, upon familiar principles the merchandise is to be put into the more specific class, "house or cabinet furniture," rather than into the wider and vaguer class, "manufactures of wood." But what is to be done with the phrase "or of which wood is the component material of chief value"? Two constructions are possible: Either this phrase adds another to each of the first and second classes of paragraph 208, or it adds only to the class "manufactures of wood." If it adds to the latter class only, the result is that "manufactures of wood" means such articles strictly so called, while a new class is formed which is broad enough to include articles in which other materials may be also used, if wood continues to be the component material of chief value. Upon this construction the first class of the paragraph is "house or cabinet furniture of wood, wholly or partially finished," and into this class the table would unquestionably fall; the other two classes of the paragraph relating to "manufactures of wood." Upon the other construction—that the first class is also added to by the phrase "or of which wood is the component material of chief value"—the result is that the class comprising the articles commonly and commercially known as "house or cabinet furniture of wood" is left just as it was, but a new class is added there also, namely, house or cabinet furniture, which perhaps may not be described with precision as "of wood," because other materials have been also used in its manufacture, but in which wood is still the component material of chief value. If this construction is correct, the table continues to fall within the class "house or cabinet furniture of wood," but is not included within the additional class, "house or cabinet furniture of which wood is the component material of chief value."

The question is narrow, and is conceded to be of the first impression. There are, perhaps, some analogous decisions, and reference may be

made to United States v. Dudley, 174 U. S. 670, 19 Sup. Ct. 801, 43 L. Ed. 1129, and Gallenkamp v. Rachman (C. C.) 147 Fed. 769. But, in my opinion, if mere inspection does not lead to the conclusion that in common speech the table in question belongs to the class "house or cabinet furniture of wood"—a conclusion which is fortified by the testimony that was offered on behalf of the importers concerning its commercial designation—neither citation nor further argument is likely to be effective.

The decision of the Board of General Appraisers must be reversed.