## A. J. WOODRUFF & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 15, 1909.)

### No. 5,276.

**1. CUSTOMS DUTIES (§ 27\*)—CLASSIFICATION—"FURNITURE OF WOOD."**

In Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 (U. S. Comp. St. 1901, p. 1647), relating to "furniture of wood, * * * and manufactures of wood, or of which wood is the component material of chief value," the furniture provision is not modified by the chief value clause; and upholstered furniture, whose frames are of wood, is dutiable under that provision, though wood is not the most valuable component.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 63; Dec. Dig. § 27.\*]

**2. CUSTOMS DUTIES (§ 35\*)—MANUFACTURES OF SILK AND WOOL—PROVISO.**

The proviso in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), that manufactures in which wool is a component shall be classified as manufactures of wool, is restricted at least to said schedule, and possibly to the paragraph in which it is found. Therefore the provision for furniture in another schedule is not subject to this proviso, though in part of wool.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 100; Dec. Dig. § 35.\*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York.

B. A. Levett, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge. The merchandise in question consists of a sofa and a set of chairs, the frames of which are composed of wood, upholstered with Aubusson tapestry. Said tapestry is composed of silk and wool, silk being the component material of chief value. Silk is also of chief value in the entire combination of wood, wool, silk, metal, etc. The appraiser classified it under paragraph 366 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666]), as being within the enumeration:

"Cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for in this act."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If this furniture is more specifically provided for in some other paragraph, it is manifestly not within paragraph 366. It is provided for in paragraph 208 (Schedule D, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647]), which reads:

"House or cabinet furniture, of wood, wholly or partly finished, and manufactures of wood, or of which wood is the component material of chief value."

—unless the chief value clause qualifies the category "house or cabinet furniture of wood." This is a close question; but, on the whole I am inclined to concur with Judge McPherson (Hempstead v. United States, 168 Fed. 450) in the conclusion that it does not.

The government also relies on the last clause of paragraph 391, in the schedule of "Silk and Silk Goods" (Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), which reads:

"Provided, that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool."

If this clause were in the wool schedule, the argument that it is of universal application would be more persuasive. Placed as it is, the more natural construction would restrict its application to the articles enumerated in the paragraph in which it appears, or possibly even to those enumerated in the silk schedule.

The decision is reversed, with instructions to classify under paragraph 208.