### UNITED STATES v. A. J. WOODRUFF & CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 96 (5,276).

1. CUSTOMS DUTIES (§ 27*)—CLASSIFICATION—"FURNITURE OF WOOD."

Upholstered furniture with wooden frames is dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 (U. S. Comp. St. 1901, p. 1647), as "furniture of wood," though silk, and not wood, is the chief component in the completed articles.

[Ed. Note.—For other cases, see Customs, Duties, Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 4, pp. 3013–3016.]

2. STATUTES (§ 230*)—STATUTES IN PARI MATERIA—AFTER-ENACTED STATUTES.

Where a statute repeals an earlier law, change of language is more consistent with change of intent than with the purpose of defining or declaring the meaning of the earlier act; and the latter theory should not be adopted where there is no proof that such was the object of Congress.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 311; Dec. Dig. § 230.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The merchandise in controversy consisted of furniture with wooden frames, upholstered with Aubusson tapestry of silk and wool; silk being the component of chief value in the completed articles. The Circuit Court held that the furniture had been improperly classified under paragraph 366, tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666]), as "manufactures * * * in part of wool," and that it should have been classified under paragraph 208, the pertinent portion of which. is as follows:

"House or cabinet furniture, of wood, wholly or partly finished, and manufactures * * * of which wood is the component material of chief value. * * *"

For opinion below, see 168 Fed. 452.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, of counsel), for the United States.

B. A. Levett, for importers.

Before WARD and NOYES, Circuit Judges.

WARD, Circuit Judge. We will add a single observation to the opinion of Judge Lacombe in the Circuit Court (168 Fed. 452), and that is as to the effect to be given to section 215 of the tariff act of 1909 (Act Aug. 5, 1909, c. 6, § 1, Schedule D, 36 Stat. 34 [U. S. Comp. St. Supp. 1909, p. 686]), which was subsequently enacted. This is the section corresponding to the one under consideration, namely, 208 of the act of 1897, and is so worded as to justify the construction which the government contends for. The act of 1909 repealed that part of the act of 1897 containing section 208. A statutory provision, the meaning of which is not clear, should, of course, be construed with reference, not only to the whole statute, but to contemporaneous and even

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subsequently enacted statutes in pari materia. Where, as in this case, the statute repeals or replaces an earlier law, any change of language is more consistent with a change of intent than with the purpose of defining or declaring the meaning of the language of the earlier repealed statute. There is no proof of any intent upon the part of Congress, such as was made in the case of Mosle v. Bidwell, 130 Fed. 334, 65 C. C. A. 533, where both statutes continued in existence.

Judgment affirmed.