UNITED STATES v. O. G. HEMPSTEAD & SON.

(Circuit Court of Appeals, Third Circuit. February 8, 1910.)

No. 60 (1,979).

CUSTOMS DUTIES (§ 27*)—CLASSIFICATION—"FURNITURE OF WOOD."
      Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168
      (U. S. Comp. St. 1901, p. 1647), includes under the provision for "fur-
      niture of wood" Buhl furniture, in which metal ornamentation is the ele-
      ment of chief value, but in which wood predominates in quantity.
      [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 27.*
      For other definitions, see Words and Phrases, vol. 4, pp. 3013–3016.]

Appeal from the Circuit Court of the United States for the Eastern
District of Pennsylvania.

For decision below, see 168 Fed. 450, reversing a decision by the
Board of United States General Appraisers (G. A. 6,626 [T. D.
28,634]), which had affirmed the assessment of duty by the collector of
customs at the port of Philadelphia on merchandise.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker,
of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel, and J.
Stuart Tompkins, on the brief), for importers.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The merchandise imported by the ap-
pellees was Buhl furniture. The Board of General Appraisers decided
that it was liable to a duty of 45 per cent. ad valorem under paragraph
193 of the tariff act of 1897. The Circuit Court reversed the Board
of General Appraisers, and held that it was dutiable at 35 per cent. ad
valorem under paragraph 208 of the above-mentioned act. The ap-
pellant now seeks to have the judgment of the Board of General Ap-
praisers reinstated.

Paragraph 230 of the tariff act of October 1, 1890 (26 Stat. 583, c.
1244), was as follows:

"House or cabinet furniture, of wood, wholly or partly finished, manufac-
tures of wood, or of which wood is the component material of chief value, not
specially provided for in this act, thirty-five per centum ad valorem."

In 1892 the Board of General Appraisers, having before it tables of
wood, ornamented with bronze and portraits on china, the china being
the component material of chief value, but the wood being the predom-
inant material in quantity, decided that:

"All furniture, wholly or partly finished, of which wood is the predominant
material, is included in paragraph 230." G. A. 1,647 (T. D. 13,226).

Accordingly, the tables then before it were declared to be dutiable
under that paragraph. The United States acquiesced in this construc-
tion. The language of paragraph 230 of the act of 1890 became,
without any change except as to the rates imposed, paragraph 181 of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the tariff act of August 27, 1894 (28 Stat. 521, c. 349), and paragraph 208 of the tariff act of 1897.

The Buhl furniture which is the subject-matter of the present inquiry is household or cabinet furniture, ornamented with metal in such a manner that the metal ornamentation gives to the furniture its chief value, although the predominant material in quantity is wood. If the rule adopted by the Board of General Appraisers in 1892 be now followed, the judgment of the Circuit Court is correct; and, for the sake of uniformity in the administration of the tariff law, we think it should be followed. The construction given to paragraph 208 by Judge McPherson in the court below (168 Fed. 450) was followed by Judge Lacombe in A. J. Woodruff & Co. v. United States, 168 Fed. 452; and Judge Lacombe's opinion was affirmed by the Circuit Court of Appeals for the Second Circuit in an opinion published in 175 Fed. 776.

Paragraph 208 of the act of 1897 is now supplanted by the clearer provisions of paragraph 215 of the tariff act of August 5, 1909 (36 Stat. 34, c. 6). The learned counsel for the appellant has earnestly contended that paragraph 208 is to be construed in the light, not only of the other provisions of the act of 1897, but of the provisions of the act of 1909. We concur, however, in the opinion of the Circuit Court of Appeals for the Second Circuit in the Woodruff Case, in which it says:

"The act of 1909 repealed that part of the act of 1897 containing section 208. A statutory provision, the meaning of which is not clear, should, of course, be construed with reference, not only to the whole statute, but to contemporaneous and even subsequently enacted statutes in pari materia. Where, as in this case, the statute repeals or replaces an earlier law, any change of language is more consistent with a change of intent than with the purpose of defining or declaring the meaning of the language of the earlier repealed statute."

The judgment of the Circuit Court is affirmed.