**SEARS, ROEBUCK AND CO.**
**v.**
**UNITED STATES.**

C.D. 4492; Court No. 69/1651–
39008–68.

United States Customs Court.
Dec. 14, 1973.

Lane, Young & Fox, New York City (Ellsworth F. Qualey, New York City, of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (Steven P. Florsheim, trial atty., New York City), for defendant.

LANDIS, Judge:

The issue in this case presented by the cross-motions of both sides for summary judgment [1] is whether the instant merchandise, imported from Japan and represented by the description on the invoice as "Leatherette Ballerina Box— Stock No. 4837", was properly classified by customs as articles not specially provided for of a type used for household use, of metal, under TSUS item 654.20,[2] or should be classified, as claimed by plaintiff in its complaint, as jewelry boxes of wood under TSUS item 204.50.[3]

Incorporated in the imported box in question is a musical movement which is wound by a key. When the lid of the

---

1. Customs Court rule 8.2.

2. Dutiable at 15 per centum ad valorem.

3. Dutiable at 2 cents per pound, plus 4.5 per centum ad valorem.

box is opened the musical movement is released and the ballerina pirouettes in simulated dance to the musical tune of the movement.[4]

TSUS items 654.20 and 204.50 are interior tariff headings indented under superior tariff headings, in pertinent part, as follows:

Classified:

### SCHEDULE 6.—METALS AND METAL PRODUCTS

#### Part 3.—Metal Products

\*      \*      \*      \*      \*      \*      \*      \*

Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:
    Articles, wares, and parts, of precious metal, \* \* \*:
        Of silver:

        \*      \*      \*      \*      \*      \*

653.65         Other ......................... \* \* \*
Articles, wares, and parts, of base metal, coated or plated with precious metal:

   \*      \*      \*      \*      \*      \*      \*

Articles, wares, and parts, of base metal, not coated or plated with precious metal:
    Of iron or steel:

        \*      \*      \*      \*      \*      \*

    Of copper:

        \*      \*      \*      \*      \*      \*

654.10     Of aluminum ................... \* \* \*

        \*      \*      \*      \*      \*      \*

654.15     Of tin ......................... \* \* \*
654.20     Other ......................... 10% ad val.

Claimed:

### SCHEDULE 2.—WOOD AND PAPER; PRINTED MATTER

#### Part 1.—Wood and Wood Products

\*      \*      \*      \*      \*      \*      \*      \*

Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases, and similar boxes, cases and chests, all the foregoing of wood:
204.35     Cigar and cigarette boxes ........... \* \* \*
    Other:
204.40         Not lined with textile fabrics ..... \* \* \*
204.50         Lined with textile fabrics ........ 2¢ per lb. + 4% ad val.

4. Defendant has agreed that the sample box submitted by plaintiff with its motion is representative of the imported merchandise in all material respects.

It appears from the pleadings that there is no dispute between the parties as to the fact that the imported boxes in question are musical jewelry boxes consisting of leatherette, metal, wood and textile fabric materials and that the imported boxes are in chief value of metal (base metal, not plated or coated with precious metals). The determinative question in this case is whether plaintiff's claimed tariff provision for jewelry boxes of wood is limited by definition in TSUS General Headnote 9(f) to jewelry boxes wholly or in chief value of wood. Upon the considerations herein next discussed, I conclude that it is.

TSUS defines [5] the use of particular tariff terms, in relevant part, as follows:

9. *Definitions.* For the purposes of the schedules, unless the context otherwise requires—

\* \* \* \* \* \*

(f) the terms "of", "wholly of", "almost wholly of", "in part of" and "containing", when used between the description of an article and a material (e. g., "furniture *of* wood", "woven fabrics, *wholly of* cotton", etc.), have *the following meanings:*

(i) "of" means that the article is wholly or in chief value of the named material;

(ii) "wholly of" means that the article is, except for negligible or insignificant quantities of some other material or materials, composed completely of the named material;

(iii) "almost wholly of" means that the essential character of the article is imparted by the named material, notwithstanding the fact that significant quantities of some other material or materials may be present; and

(iv) "in part of" or "containing" mean that the article contains a significant quantity of the named material.

With regard to the application of the quantitative concepts specified in subparagraphs (ii) and (iv) above, it is intended that the *de minimis* rule apply.

Plaintiff does not dispute that the term "of", in the claimed classification "jewelry boxes \* \* \* of wood" is used between the description of an article and a material. The thrust of plaintiff's contention is that, notwithstanding the term "of" is defined to mean that the described article is wholly or in chief value of the named material, the context of the classification "jewelry boxes \* \* \* of wood" requires or indicates that as a matter of law the classification refers to "a general composition and not chief value of the named material" (plaintiff's brief, page 10), citing Oxford International Corp. v. United States, 68 Cust.Ct. 12, C.D. 4326 (1972), appeal dismissed, 59 CCPA.[6]

The merchandise in the *Oxford* case consisted of varied lengths of wire cable, imported for use with the caliper brakes of bicycles, encased in plastic covering and fitted at either end with pieces known as barrel and ferrule ends. The government classified the cable under the TSUS heading for parts of bicycles (item 732.36). *Oxford* claimed the cable was properly classifiable under the tariff heading, "Strands, ropes, cables, and cordage, all the foregoing *of wire,* whether or not cut to length, and whether or not fitted with hooks, swivels, clamps, clips, thimbles, sockets, or other fittings or made up into slings, cargo nets, or similar articles." (Item 642.02,

---

5. TSUS, General Headnotes and Rules of Interpretation, headnote 9.

6. Government officials, charged with administration of the tariff schedules, apparently chose to limit the decision to the cable in that case because they believe the cable to be in chief value of wire. Said officials remain of the opinion that the term "of wire"

means an article must be wholly or in chief value of wire and the *Oxford* determination that it does not "results in a confusion of the statutory definition for the terms 'of' and 'almost wholly of' set by General Headnote 9(f) TSUS" (quoted in this opinion decision), 7 Customs Bulletin, T.D. 73–2 (1972).

emphasis added.) The government in *Oxford, inter alia,* contended that the term "of wire", in the tariff heading last quoted, meant cable wholly or in chief value of wire material, and that the component of chief value in the *Oxford* cable was not shown to be wire. The First Division of the Customs Court sustained the *Oxford* claim and discussed the government's contention with respect to the term "of wire" as follows:

This relates to our understanding of the claimed provision as covering cables whose composition is wire, that is to say, made of wire as opposed to fiber for example, and not necessarily cables which are in chief value of wire. Logically, if the tariff schedules envision the fashioning of cables into articles, there is always the possibility of non-wire components. In addition, it is entirely possible that a particularly complex fitting may have a value greater than the length of cable to which it is attached. In all, the particular construction of the provision for cables, allowing as it does for the addition of fittings and the fabrication of cable into complete articles, suggests that it would be unjustifiably restrictive to demand that the wire always be the component of chief value. This provision is one in which the context requires that the term "of", used between the description of an article and a material, refers to general composition and not chief value of the named material as in the general rule. (See General Headnotes and Rules of Interpretation 9(f)(i).) In our view, the legislative concern in this provision is that the essential force transmitting or weight supporting component be wire. That is clearly the case with the importations herein.

In sum, we find that the articles imported are cables which come with-

in the scope of the provision in item 642.20 for cables fitted with fittings or made up into articles. That provision is more specific than the provision for parts of bicycles and should prevail in accordance with General Interpretative Rule 10(ij) [68 Cust.Ct. at 16–17.]

The *Oxford* decision (a case involving the tariff term "cables, * * * of wire"), whatever its precedential value may be, of course does not necessarily control the TSUS classification "jewelry boxes * * * of wood". At the most it opens the door to plaintiff's creditable, but not necessarily convincing argument, that the tariff heading "jewelry boxes * * * of wood" is intended to classify, not jewelry boxes wholly or in chief value of wood, but jewelry boxes in which the essential composition material, without which there would be no box, is wood. As plaintiff would have it, the addition of the musical movement does not make the box anything more or anything less than what it is, namely, a wooden jewelry box. Except to recognize the possible credence they might give to plaintiff's argument, there is no need to discuss United States v. Woodruff, 175 F. 776, T.D. 30211 (2 Cir. 1909); United States v. Hempstead, 175 F. 966, T.D. 30366 (3 Cir. 1910), and United States v. Zinn & Co., 2 Ct.Cust. Appls. 419, T.D. 32171 (1912), cited by plaintiff on that point. Those three cases were decided under tariff acts which did not purport to define the term "of" used between the description of an article and a material. It is obvious the court is not here bound by judicial determinations that did not involve definition of the term "of". Cf. Victor England Agencies, Inc. v. United States, 63 Cust.Ct. 180, D.C. 3894 (1969).[7]

The decisions in Blumenthal & Co. et al. v. United States, 5 Ct.Cust.Appls. 327, T.D. 34529 (1914), and Israel Men-

7. For the same reason the court is not bound to follow Keuffel & Esser Co. v. United States, 35 Cust.Ct. 343, Abstract 59557 (1955), cited by plaintiff in support of its point that the heading "jewelry boxes * * * of wood" does not mean wholly or in chief value of wood.

chaca v. United States, 55 Cust.Ct. 494, Abstract 69660 (1965), which plaintiff cites for the proposition that "there are times when the classification of an article may be governed by its predominant component [material] rather than its component material of chief value" (plaintiff's brief, page 20), similarly, are cases decided under tariff acts which did not purport to define the term "of" used between the description of an article and a material. The predominant material concept of classification under earlier tariff acts does, however, merit discussion with respect to plaintiff's theory that the term "jewelry boxes" is an *eo nomine* classification of an article more specific than the general TSUS heading selected by the government in classifying the boxes as articles not specially provided for of a type used for household use.[8]

In a recent decision on classification under the 1930 Act, not involving definition of the term "of", the court of appeals in Styson Art Products Company v. United States, 60 CCPA ——, 470 F.2d 1050, C.A.D. 1083 (1973), discussed the essence of the predominant material exception to the general rule that classification under a tariff provision for articles made of a specific material requires the article be wholly of the specified material or in chief value thereof, as follows:

> * * * That exception exists where the predominant material, though not the material of chief value, nevertheless gives to the article its name, form, and shape and determines its character and use. Blumenthal & Co. v. United States, 5 Ct.Cust.Appls. 327, T.D. 34529 (1914).

At first blush, this test might seem to apply here. However, in *Blumenthal* and the other cases cited by appellant, the exception is recognized when the article is referred to *eo nomine* in a pertinent paragraph. In *Blumenthal* (at 330), the court said that classification by predominant material would require, in addition to the factors listed above, that it "clearly appear that in the common understandin the *eo nomine* statutory description included the article under consideration without regard to its component material of chief value."

In the present case, it cannot be said that paragraph 412 is an *eo nomine* designation for food picks. We are not inclined to extend the exception to paragraph 412 as we are not persuaded it was meant to include articles predominantly of wood without regard to the component of chief value. Therefore, appellant, having failed to prove the component of chief value in the food picks was wood, we affirm the Customs Court.

Plaintiff underscores its case for applying the predominant material exception to the *eo nomine* classification "jewelry boxes * * * of wood" by noting that significantly it is the wood that gives the jewelry boxes their name, form, shape and determines their character and use. But as noted in the *Styson* quote, above, even under earlier tariff acts the *eo nomine* statutory description had to clearly appear as a description without limitation. The *eo nomine* term "jewelry boxes", under consideration here, is a description of articles limited by material to those "of wood" and the term "of", in that context, is defined by statute to mean wholly or in chief value of the material, to wit, wood. Pertinent to this point of discussion, and as defendant observes in its brief, plaintiff's contention would, in my opinion, require only that the essential character of a jewelry box be imparted by the material wood. The statutory term

---

8. Aside to this point, it is well to note that what is being tested on these cross-motions is not the validity of the government classification but the validity of plaintiff's claim for classification as "jewelry boxes

* * * of wood". Cf. Morris Friedman v. United States, 50 CCPA 53, C.A.D. 819 (1963). If plaintiff's claimed classification is valid, other considerations aside, plaintiff is entitled to prevail.

used by the lawmakers between the description of an article and a material, appropriate to that result, is the term "almost wholly of", which as defined in General Headnote 9(f), *supra,* "means that the essential character of the article is imparted by the named material, notwithstanding the fact that significant quantities of some other material or materials may be present." The meaning of the term "almost wholly of" is, in essence, a codification of the predominant material exception judicially engrafted as appropriate to determine particular classifications under tariff acts using common but undefined tariff terms and descriptive methods.[9] Whatever else may be said, assuming the term "almost wholly of" is not the codification of the predominant material exception I read it to be, judicial precedents in the context of undefined classification terms, should not be substituted for the definitions set by the lawmakers with instructions to apply them in the appropriate context. "There would be little use in such a glossary [of definitions] if * * * [the court] were free in despite of it to choose a meaning for * * * [itself]." Fox v. Standard Oil Co., 294 U. S. 87, 96, 55 S.Ct. 333, 337, 79 L.Ed. 780 (1935).

■ Except in an unusual case, where reading the definitions in mechanical fashion would create obvious incongruities in the classification of articles, or destroy a major purpose sought to be achieved by the classification, stat-

utory "definitions control the meaning of statutory words, * * * in the usual case." Lawson v. Suwannee Fruit & Steamship Co. et al., 336 U.S. 198, 201, 69 S.Ct. 503, 504, 93 L.Ed. 611 (1949). Nothing, either in the submitted facts or plaintiff's argument of the motion, makes this an unusual case wherein the context not be read to refer to something other than the component of chief value. Indeed, in the absence of a compelling reason for not doing so, failure to heed the definition, cf. United States v. Mitsubishi International Corp., 60 CCPA ——, 470 F.2d 1387, C.A.D. 1085 (1973), might well destroy the major purpose of the general headnote definitions which is to standardize the meaning of terms used in the classification of articles.[10]

■ Jewelry boxes of wood is a superior tariff heading with an inferior heading (item 204.50) indented under it classifying jewelry boxes of wood lined with textile fabrics. Plaintiff's stated point that the inferior heading of item 204.50, "lined with textile fabrics", broadens the superior heading "jewelry boxes * * * of wood" is not persuasively developed and, if nothing else, is contrary to the general interpretative rule that "a superior heading cannot be enlarged by inferior headings intended under it but can be limited thereby."[11] Somewhat in the same vein plaintiff notes the Tariff Classification Study discussion of items 204.35 and 204.50,[12] and the statement there that "jewelry boxes * * * of wood" must be made

9. See, Tariff Classification Study, Submitting Report (1960), pages 12, 13 (discussion report of problems associated with some of the more commonly used tariff terms and descriptive methods, and the substantial reduction of those problems (albeit not entirely eliminating) in standardization of language by definition).

10. The rationale of J. E. Bernard & Company, Inc. v. United States, 40 Cust.Ct. 563, Abstract 61971 (1958) (a musical movement incorporated into an article that was part of a cigarette lighter held properly assessed as part of a cigarette lighter rather than as a music box), and of Thorens, Inc. v. United

States, 31 CCPA 125, C.A.D. 261 (1943) (a toilet roll holder equipped with a musical movement held dutiable as a manufacture in chief value of wood rather than as a music box), cited by plaintiff as factually involving a musical movement incorporated into an article analogous to the musical jewelry box in this case (but which cases did not involve the term "of"), offer no compelling reason for not applying the term "of" as it appears in the statute.

11. TSUS, General Headnote 10(c)(i).

12. Tariff Classification Study, Schedule 2, pp. 26, 27.

of wood. That rather obvious statement about the products classified by those items does not make out a case, one way or the other, for saying that the products must or must not be in chief value of wood. Use of the term "of" between the description of an article and the material wood, to wit, articles "of wood" is consistent throughout the classifications in schedule 2, part 1, subparts D, E, and F. In only two instances do the superior headings in those subparts not use the term "of wood". (See superior headings to items 206.30, 206.65 and 206.67.) In those instances, the term "of wood" does not appear and as discussed in the Study,[13] other words were added to the superior heading to "eliminate the problems connected with the determinations of the component material of chief value." The lawmakers' awareness of the problems associated with determining the component of chief value, and the manner in which the problem was specifically dealt with in those two contextual instances, though its force may not be great, extrinsically tokens the lawmakers' intention that, notwithstanding such problems, and in a context not otherwise, the tariff term "of" used between the description of the article (jewelry boxes) and the material (wood) be recognized as an artfully defined classification by component of chief value. I conclude, therefore, that as a matter of law item 204.50 classifying "jewelry boxes * * * of wood" includes here only those jewelry boxes wholly or in chief value of wood. Since the imported jewelry boxes are concededly in chief value of metal, they are not classifiable under item 204.50.

Plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment is granted.

The claim for classification under item 204.50 is overruled.

Judgment will enter accordingly.

13. Tariff Classification Study, Schedule 2, pp. 27, 28.