**SEARS, ROEBUCK AND CO.,**
**Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**No. 74–23.**

United States Court of Customs
and Patent Appeals.

Nov. 14, 1974.

Lane, Young & Fox, New York City, attys. of record, for appellant. Peter Jay Baskin and Ellsworth F. Qualey, Rode & Qualey, New York City, of counsel.

Carla A. Hills, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John J. Mahon, New York City, for United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This is an appeal from the judgment of the United States Customs Court reported at 71 Cust.Ct. 168, C.D. 4492, 371 F.Supp. 1073 (1973), denying appellant's motion for summary judgment, granting appellee's motion for summary judgment, and overruling appellant's claim for classification of certain imported jewelry boxes within item 204.50, Tariff

Schedules of the United States (TSUS), as jewelry boxes of wood. We affirm.

Involved in the controversy are jewelry boxes with metal musical movements which are wound by a key. The jewelry boxes were classified in item 654.20 TSUS. The relevant statutory provisions are:

> Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases, and similar boxes, cases, and chests, all the foregoing of wood:
>
> \*     \*     \*     \*     \*     \*
>
> Other:
>
> \*     \*     \*     \*     \*     \*
>
> 204.50   Lined with textile fabrics
>
> \*   \*   \*
>
> \*     \*     \*     \*     \*     \*
>
> Articles not specially provided for of a type used for household, table or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:
>
> \*     \*     \*     \*     \*     \*
>
> Articles, wares, and parts, of base metal, not coated or plated with precious metal:
>
> \*     \*     \*     \*     \*     \*
>
> 654.20   Other   \*   \*   \*

There is no dispute between the parties as to the fact that the metal musical movement is the component material of chief value. The determinative question is whether item 204.50 TSUS is limited by the definitions in TSUS General Headnote 9(f) to jewelry boxes in chief value of wood.

> 9. Definitions.—For the purposes of the schedules, unless the context otherwise requires—
>
> \*     \*     \*     \*     \*     \*
>
> (f) the terms "of", "wholly of", "almost wholly of", "in part of" and "containing", when used between the description of an article and a material (e. g., "furniture of wood", "woven fabrics, *wholly*

*of* cotton", etc.), have the following meanings:

> (i) *"of" means that the article is wholly or in chief value of the named material;*
>
> [Emphasis added.]
>
> (ii) "wholly of" means that the article is, except for negligible or insignificant quantities of some other material or materials, composed completely of the named materials;
>
> (iii) "almost wholly of" means that the essential character of the article is imparted by the named material, notwithstanding the fact that significant quantities of some other material or materials may be present; and
>
> (iv) "in part of" or "containing" mean that the article contains a significant quantity of the named material.
>
> \*     \*     \*     \*     \*     \*

Appellant contends these definitions do not apply and that it was not the intent of Congress in enacting the Tariff Schedules of the United States to change existing definitions or rates of duty on individual products.

The Customs Simplification Act of 1954, § 101(a), Pub.L. No. 768, 68 Stat. 1136, 19 U.S.C.A. § 1332 note, directed the Tariff Commission to compile a revision and consolidation of the customs laws to accomplish to the extent practical the following purposes:

> (1) Establish schedules of tariff classifications which will be logical in arrangement and terminology and adapted to the changes which have occurred since 1930 in the character and importance of articles produced in and imported into the United States and in the markets in which they are sold.
>
> (2) Eliminate anomalies and illogical results in the classification of articles.
>
> (3) Simplify the determination and application of tariff classifications.

Section 101(b) of the Customs Simplification Act of 1954 provided that the Tariff Commission should seek to accomplish these purposes without suggesting changes in any rate or rates of duty on individual products. However, it was also provided that where, in the judgment of the Tariff Commission, the purposes could not be accomplished without such changes, the Commission was authorized to suggest incidental changes in rates. The Commission was required to hold public hearings in connection with any proposed rate changes. In fact, however, the Tariff Commission held public hearings in connection with every proposed schedule of classification *and* the general headnotes and rules of interpretation. It is to be noted that the hearings held by the Tariff Commission were much broader than were actually required. Tariff Classification Study, Submitting Report (1960), page 2.[1]

In discussing the general headnotes the Tariff Commission said:

An important feature of the proposed tariff schedules not found in the existing schedules is a system of interpretive headnotes which specify certain special rules of interpretation, define important terms, prescribe special procedures, and, in general, clarify the realtionships between the various schedules, parts, and subparts and the classification descriptions incorporated therein. These headnotes replace cumbersome provisos and other provisions which intrude on the existing classification provisions and make their interpretation more difficult. Also, they contain much substantive matter presently buried in administrative and judicial rulings and in unwritten customs practices. The effort has been made to place these headnotes in closest proximity to the classification descriptions to which they relate. Thus . . . the most gen-

eral provisions of all are made general headnotes to the entire set of schedules. [Submitting Report, supra, at 9.]

Appellant in reviewing the legislative history, as found in the Tariff Classification Study, Schedule 2, supra, pp. 26–27, notes that products within item 204.50 must be "made of wood." Appellant contends that this means that products within item 204.50 need not be in chief value of wood. We do not agree. The statement that products are produced "of wood" does not support appellant's position that "of" as defined in General Headnote 9(f)(i) does not apply to products within item 204.50. In construing a statute the duty of the court is to effect the intention of the legislature, which is to be searched for in the words the legislature has employed and in the legislative history. In view of the statutory language and the history of the statute it appears to us that Congress intended that products within item 204.50 be in chief value of wood. If Congress had made a choice of language which fairly brings a given situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators. Barr v. United States, 324 U.S. 83, 90, 65 S.Ct. 522, 89 L.Ed. 765 (1945).

In view of the statutory language and legislative history we hold that item 204.50 TSUS is limited by the definitions in TSUS General Headnote 9(f) to boxes in chief value of wood. Since the metal musical movement is the component material of chief value, the jewelry boxes in controversy cannot be classified under item 204.50.

Appellant further contends that jewelry boxes are *eo nomine* provided for within item 204.50 in a manner which permits the "predominant materials" concept as an exception to the require-

1. Tariff Commission, Tariff Classification Study (1960) (published as a report to the President and the Chairmen of the Committee on Ways and Means of the House and the Committee on Finance of the Senate).

ment that an article "of" a named material be in chief value of that material. This contention was carefully considered and was rejected by the trial judge. We have considered appellant's arguments and have concluded that we are in full agreement with the opinion of the trial judge in this regard.

The judgment of the Customs Court is affirmed.

Affirmed.