**UNITED STATES of America,
Plaintiff,**

v.

**Mohammad Yousuf CHAUDHRY,
Defendant.**

No. C 03–40210 CRB.

United States District Court,
N.D. California.

Aug. 17, 2009.

Gary K. Dubcoff, Law Offices of Gary K. Dubcoff, San Francisco, CA, for Defendant.

## ORDER

CHARLES R. BREYER, District Judge.

The issue before the Court is whether a defendant who has been convicted but not yet sentenced may be subject to a competency determination as set forth in 18 U.S.C. § 4241, or whether 18 U.S.C. § 4244 is the only provision that is operative at this stage in the proceedings. After carefully considering the submissions of the parties and with the benefit of oral argument, the Court holds that the competency standard in § 4241 does apply in these circumstances.

## BACKGROUND

On June 13, 2008, Defendant Mohammad Yousuf Chaudhry was convicted on sixteen counts related to tax fraud. On September 10, 2008, Defendant submitted an ex parte application to continue sentencing so that he could undergo a psychiatric examination. The Court granted the application the next day. At no point before or during Defendant's trial had counsel raised the issue of Defendant's competency, nor has any party suggested that Defendant was incompetent to stand trial. The instant proceedings have focused solely on Defendant's mental capacity for the period post-conviction and before sentencing.

The parties appeared for hearings on November 5 and November 12, 2008, to discuss the results of the doctor's examination. The Court instructed the government to identify a psychiatrist who could also examine Defendant. On November 14, 2008, the Court appointed Dr. John R. Chamberlain, one of the government's suggested doctors, to evaluate Defendant and determine his mental competency.

A competency hearing on December 10 was continued until December 15 to allow counsel to review the medical reports. Before the hearing, the Court considered the reports of Dr. John M. Greene (the defense expert) and Dr. John R. Chamberlain. Dr. Greene stated, in his opinion, "with reasonable medical certainty, that Mr. Chaudhry is currently unable to have a rational understanding of the proceedings against him, because of his Psychotic Disorder."

Similarly, when asked, "Does the defendant have the ability to understand the nature of the criminal proceedings?" Dr. Chamberlain answered:

No. Mr Chaudhry appeared to believe there was a conspiracy against him. He appeared to believe the government and

prosecutors influenced the jury. He appeared to believe the case against him had to do with things other than tax charges. He appeared to believe his being Muslim was a factor in the case outcome.

In response to the question of whether Defendant has the ability to assist counsel in the conduct of a defense in a rational manner, Dr. Chamberlain again answered "No." He went on to state that Defendant "appeared to be too preoccupied with apparently delusional material to assist counsel in a rational manner."

At the competency hearing, the parties agreed to submit the matter on the two medical reports. *See* Transcript Dec. 15, 2008 at 4. The parties also agreed that 18 U.S.C. § 4241 was the operative statute governing the proceedings. *See id.* at 3–4. Based on the parties' submissions, the Court found by a preponderance of the evidence that Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. The Court committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). Under that section, Defendant was hospitalized "for treatment in a suitable facility for such reasonable period, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit sentencing to proceed." Order Dec. 15, 2008.

On June 3, 2009, the Court received a psychiatric evaluation from the Federal Bureau of Prisons. The report, dated May 7, 2009, stated that:

It is our opinion Mr. Chaudhry is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, nor is there a substantial probability that his competency will be restored in the foreseeable future.... If the Court agrees with our opinion, Mr. Chaudhry is subject to Title 18, U.S.C., Section 4246 and should be returned to the custody of the Attorney General for designation to a Medical Referral Center to undergo a risk assessment pursuant to the above statute.

The opinion was signed by Raul Campos, Acting Warden at Federal Medical Center ("FMC") Butner. The report included a Forensic Evaluation signed by both a Staff Psychologist and Staff Psychiatrist at the federal facility.

On June 4, 2009, the government submitted a memorandum suggesting the Court (and the parties) had erred in applying the terms of 18 U.S.C. § 4241. The government contended that 18 U.S.C. § 4244 is the only section that may apply to mentally ill defendants who have been convicted and face sentencing. Under § 4244, the question for the Court would be not whether Defendant was competent, but rather whether his mental condition requires that he be committed to an appropriate facility for care and treatment in lieu of imprisonment.

On June 24, 2009, new counsel substituted in for Mr. Chaudhry. In anticipation of an upcoming status conference, Defendant submitted a memorandum challenging the government's reading of the relevant statutes. Defendant argued that there was no mistake; § 4241 was still applicable at this stage in the proceedings. Counsel requested that pursuant to the suggestion of the acting warden at FMC–Butner, Defendant be returned to that facility for a risk assessment.

On July 1, 2009, the Court held a hearing and requested the parties submit fur-

ther briefing on the matter. At the hearing, the government also suggested it wanted to challenge the finding of the psychiatric evaluation submitted by FMC–Butner. The government did not address that argument in its briefing however. Rather, both parties focused on whether § 4241 or § 4244 applies to Mr. Chaudhry.

On July 15, 2009, the Court held further argument on the issue and took the matter under submission. Given the government's change in position on the applicability of § 4241, the government was instructed to file a letter detailing the official position of the United States Department of Justice. On August 14, 2009, government counsel submitted that she "has consulted with the Criminal Appellate Section of the Department of Justice, which confirmed that 18 U.S.C. § 4244 sets forth the procedures that apply where issues regarding the defendant's mental health including competency are raised post—conviction but pre—sentencing." The Court disagrees.

## DISCUSSION

### I. *Legal Standards*

The parties do not dispute that Mr. Chaudhry suffers from mental illness. The question is, given his mental condition, what are the next steps the Court should take? The crux of the parties' dispute is whether 18 U.S.C. § 4241 or § 4244 should apply where a defendant has already been convicted but has not yet been sentenced. The two statutes at issue fall in the chapter of the criminal code titled "Offenders with Mental Disease or Defect."

### A. *Section 4241*

Defendant contends the competency determination outlined by 18 U.S.C. § 4241 applies to this case. That section, titled "Determination of mental competency to stand trial to undergo postrelease proceedings," provides that *"[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing* of the defendant ... the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a) (emphasis added). The Court is directed to grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.*

If the Court finds by a preponderance of the evidence that the defendant is incompetent, the Court "shall commit the defendant to the custody of the Attorney General." *Id.* § 4241(d). The Attorney General shall hospitalize the defendant:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> >
> > (B) the pending charges against him are disposed of according to law; whichever is earlier.

*Id.*

If, at the end of the "additional reasonable period," the defendant's mental condition "has not so improved as to permit proceedings to go forward," the defendant

is subject to the provisions of 18 U.S.C. § 4246. *Id.* Section 4246 details the procedure for conducting a risk assessment for persons who are otherwise eligible for release from federal custody. 18 U.S.C. § 4246.

■ Section 4241 codifies the standard for competency set forth by the Supreme Court in *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam). In *Dusky,* the Court clarified that the test for competency is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted). The requirement that a defendant be competent during a criminal proceeding is predicated upon a defendant's right to due process. *Medina v. California,* 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992).

B. *Section 4244*

Section 4244, titled "Hospitalization of a convicted person suffering from mental disease or defect," provides:

A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defen-

dant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

18 U.S.C. § 4244(a).

If the Court finds by a preponderance of the evidence that Defendant suffers from a mental disease or defect and that he should "in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment," the Court shall commit Defendant to the custody of the Attorney General. *Id.* § 4244(d). "The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." *Id.*

A defendant who is committed under § 4244 may be discharged if the hospital facility "determines that the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility." *Id.* § 4244(e). If at that time, the provisional sentence has not expired, the Court then proceeds to sentencing and may modify the provisional sentence. *Id.*

At no point does § 4244 refer to "competency." Unlike § 4241, which codifies the *Dusky* standard for competency, § 4244 looks only to whether a mentally ill defendant is in need of "custody for care or treatment in a suitable facility" rather than imprisonment. *See* 18 U.S.C. § 4244(a).

II. *The Competency Determination in Section 4241 Applies Post–Conviction*

■ After reviewing the statute, the relevant case law, and the legislative history, the Court concludes that § 4241 may apply

where, as here, a defendant has already been convicted but has not yet been sentenced. Although § 4244 also applies during this period, the two statutes govern two separate and distinct inquiries.

### A. *Language of § 4241*

The government's argument that § 4241 cannot apply is forestalled by the clear language of the statute. "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917). Section 4241 states that a motion to determine competency may be raised "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant ...." 18 U.S.C. § 4241(a). Moreover, the statute provides that the issue to be determined is whether "the defendant may *presently* be suffering from a mental disease or defect rendering him mentally incompetent." *Id.* A plain reading of § 4241 suggests that it applies here: the issue of competency was raised by Defendant *after* commencement of the prosecution and *prior* to the sentencing, and the Court is considering Defendant's present competency.

There is nothing else within the text of § 4241 that would suggest it cannot apply at this point in proceedings. The government argues that by inquiring into whether a defendant can "assist properly in his defense," § 4241 must not apply post-conviction. *See* 18 U.S.C. §§ 4241(a), (d). First of all, the Court is not persuaded that a person can only "assist in his defense" at trial. Sentencing is a critical component of the criminal process through which a defendant should be able to participate on his own behalf. "The ability to assist in the defense is essentially equivalent to the ability to assist in sentencing."

*United States v. Gigante*, 996 F.Supp. 194, 198 (E.D.N.Y.1998). The Federal Rules of Criminal Procedure explicitly provide for a convicted defendant's continued participation in the adversary process, for example, through review of a presentence investigation report, *see* Fed.R.Crim.P. 32(f), and allocution at the time sentencing, *see* Fed.R.Crim.P. 32(i)(4). "These activities are of considerable import." *United States v. Pellerito*, 878 F.2d 1535, 1544 (1st Cir.1989).

Second, those subsections both refer to the requirement that in determining whether a person is incompetent, the Court must find he is *either* unable to understand the nature and consequence of the proceedings *or* unable to assist properly in his defense. *See* 18 U.S.C. §§ 4241(a), (d). Even if the Court was to accept that the latter inquiry went only to the defendant's ability to assist before conviction, the statute contemplates that the defendant also must be able to understand the "proceedings" against him, which would include sentencing.

Finally, the Court is not persuaded that the inclusion of subsection (f) militates against applying the statute. That subsection provides that a finding of competency is inadmissible as evidence at trial. 18 U.S.C. § 4241(f). This merely clarifies the effect of a competency determination made before trial. It certainly does not bar the possibility of a competency determination occurring post-conviction and pre-sentencing, as is contemplated by the first sentence of § 4241(a).

### B. *Section 4244 Applies to Competent Defendants*

The Court recognizes § 4244 also applies to the period of time post-conviction and pre-sentencing. The Court is not convinced, however, that § 4244 applies to the exclusion of § 4241. This precise issue

was considered by Judge Myron H. Thompson in *United States v. Morris,* 550 F.Supp.2d 1290 (M.D.Ala.2008). In *Morris,* the court rejected the very same argument put forth by the government here. Judge Thompson noted:

> 18 U.S.C. § 4241 and 18 U.S.C. § 4244 have two different roles. Section 4241 governs how the court should treat a convicted defendant found to be *mentally incompetent* to be sentenced; whereas, § 4244, entitled "Hospitalization of a convicted person suffering from mental disease or defect," governs how a court should sentence a convicted defendant who, while *mentally competent* to be sentenced, still suffers from a mental disease or defect and is need in care or treatment in a facility.

*Id.* at 1293–94.

In so ruling, the *Morris* court cited to *United States v. Roberts,* 915 F.2d 889 (4th Cir.1990). There, the Fourth Circuit noted that:

> Section 4241 applies to defendants found to be *mentally incompetent* to stand trial. Section 4244 applies to *competent* persons found to be suffering from a mental disease prior to sentencing . . . . Clearly those statutes apply to different types of mentally ill patients who cannot be lumped together into a group consisting of people with mental problems facing federal prosecution.

*Id.* at 891–92 (emphasis added).

The government's position was also expressly rejected in *United States v. Gigante,* 996 F.Supp. 194 (E.D.N.Y.1998). There, Judge Jack Weinstein engaged in a particularly thorough discussion of the standards applicable to a mentally ill defendant at the time of sentencing. The court first noted that it was still unsettled as to whether the *Dusky* standard for competency applied to the sentencing portion of a criminal proceeding. *Id.* at 196. The court took a close look at relevant case law, examining the constitutional underpinnings of the competency standard and the importance of the sentencing phase in criminal proceedings. *Id.* at 196–98. The court concluded that "a defendant should be as capable of defending himself with the aid of an attorney when facing his sentencer as when facing a jury" and held that "the Constitution requires the *Dusky* standard to apply at the penalty phase of a prosecution." *Id.* at 198. The court then noted that the *Dusky* standard has been codified at 18 U.S.C. § 4241(d) and unequivocally rejected the argument that § 4241 did not apply during the sentencing process. *Id.* ("The phrase 'prior to sentencing' includes immediately prior to the sentencing, implying as a practical matter that it means 'during sentencing' as well.")

The *Gigante* court also recognized the qualitative difference between § 4241 and § 4244, noting "[m]ental illness is not equivalent to mental incompetence . . . The presence of some degree of mental illness is not to be equated with incompetence to be sentenced." *Id.* (internal citations and quotation marks omitted). The court concluded by finding that the defendant was competent under the § 4241 standard, so that his sentencing could then proceed under § 4244. *Id.* at 198–99.

The Court finds the reasoning in both *Morris* and *Gigante* thorough and persuasive. Aside from plain reading of the statutes, common sense also supports a finding that they govern separate inquiries. There are certainly individuals who are competent in that they can understand the nature and circumstances of the proceedings against them, but whose mental condition is such that treatment in a suitable facility is preferable to imprisonment. It is for these defendants that § 4244 is instrumental.

## C. Section 4241 Does Apply Post–Conviction and Pre–Sentencing

In addition to *Morris* and *Gigante*, there are multiple circuit decisions that clearly apply § 4241 in the post-conviction pre-sentencing context, contrary to the government's argument that there is a temporal limitation that applies here. In *United States v. Pellerito,* 878 F.2d 1535 (1st Cir. 1989), the First Circuit held that "[t]he need for competency survives trial and extends through the sentencing phase of a criminal proceeding." *Id.* at 1544. The court went on to examine the manner in which the district court applied § 4241, never questioning the applicability of the competency standard at this stage in the proceedings. In *United States v. Garrett,* 903 F.2d 1105 (7th Cir.1990), the court again applied the § 4241 standard to a defendant who claimed he was incompetent prior to sentencing. *Id.* at 1115.

The Court notes that the Fourth Circuit suggested a different conclusion in *United States v. Mason,* 52 F.3d 1286 (4th Cir. 1995), where it noted that "Section 4244 concerns a defendant's competence to be sentenced, whereas § 4241 relates to competence to stand trial." *Id.* at 1288 n. 2. In *Mason,* however, the Fourth Circuit's fleeting reference to the two statutes did not engage in any discussion of the qualitative differences between the two statutes. Moreover, the question of which statute to apply was not before the court, as the § 4241 standard was clearly applicable because the defendant had yet to be tried. *See id.* Accordingly, the Court is not persuaded that the footnote in *Mason* refutes the reasoned analysis of *Morris* and *Gigante* or abrogates the application of § 4241 in *Pellerito* and *Garrett.*

The government does not address the aforementioned case law, but instead points the Court to *United States v. Wolfson,* 616 F.Supp.2d 398 (S.D.N.Y.2008). In *Wolfson,* the defendant argued that his mental condition had deteriorated so that he was incompetent to be sentenced. *Id.* at 401. The court noted that the Supreme Court has not addressed the issue of whether the standard of competency applies to sentencing, but followed *Gigante* and held that the *Dusky* competency standard does apply. *Id.* 419. Applying § 4244 rather than § 4241, the court held that the defendant suffered from a "mental disease or defect" and committed defendant to a provisional sentence. *Id.* at 421–22.

Despite the government's argument, *Wolfson* is not compelling in light of *Morris* and *Gigante.* The *Wolfson* court does not engage in any discussion whatsoever as to why it employed § 4244 instead of § 4241. While *Morris* and *Gigante* both squarely addressed the issue before this Court, *Wolfson* merely applied § 4244 without any discussion of § 4241. The court determined that a competency determination was proper at the time of sentencing, but did not discuss why it was not applying the section that clearly applies to competency determinations, § 4241. The competency standard is mentioned nowhere in § 4244. *See* 18 U.S.C. § 4244. The *Wolfson* court praises *Gigante* for its "thorough opinion," but fails to make the very distinction between § 4241 and § 4244 that was elucidated in *Gigante:* the former applies to all competency determinations, while the latter applies to competent defendants who will benefit from hospitalization rather than imprisonment. *See Gigante,* 996 F.Supp. at 198. It is simply inconsistent to say that persons facing sentencing are entitled to a competency determination but then not apply the statute that relates to competency.

Finally, the *Wolfson* court's subsequent orders also reference § 4241(d), and required the hospital facility to provide reports that would be outside the scope of

§ 4244. This undermines the contention that the court thought § 4244 should apply exclusively. Accordingly, the Court is not persuaded that *Wolfson* governs this matter.

### D. *Legislative History & Statutory Scheme*

■ Although the Court finds little ambiguity in § 4241 regarding the scope of its application, the Court has also examined the legislative history of both statutes. Even where words of a statute are plain and unambiguous on their face, a court may look to the legislative history if the plain meaning is at variance with the policy of the statute as a whole. *See Church of Scientology of California v. United States*, 612 F.2d 417, 421–22 (9th Cir.1979). A court may also see if there is a "clearly expressed legislative intention" contrary to the language of the statute. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 433 n. 12, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

The legislative history is ambiguous. On one hand, it states that § 4241 deals "exclusively with the determination of the mental competency of the defendant to stand trial." S. Rep. 98–225 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3414. It then goes on to state that mental competency may be determined "after the defendant has been arrested or charged and before the imposition of sentence on the defendant." *Id.*

The legislative history for § 4244 states that it is intended to apply to convicted persons who are mentally ill, but like the statute itself, it does not mention "competency" or the traditional competency standard at all. There is no reason to believe that the § 4244 procedure supplants the independent § 4241 competency determination for individuals who are found to be mentally ill post-conviction and pre-sentencing. Rather, both sections can be read in conjunction so that § 4241 is a threshold inquiry into whether a defendant is competent, and § 4244 applies to dictate what should happen to competent convicted defendants who nonetheless are suffering from mental illness and will benefit more from hospitalization than imprisonment. In sum, the Court is not persuaded that there is a "clearly expressed legislative intention" that counsels against application of the plain terms of § 4241.

It is also possible that Congress did not contemplate the situation that arises here: where a defendant is arguably rendered incompetent (rather than merely mentally ill) after trial but before sentencing. Nothing in the legislative history demonstrates that Congress clearly envisioned this scenario and affirmatively provided for it. "If Congress [ ] made a choice of language which fairly brings a given situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators." *Sears, Roebuck & Co. v. United States*, 62 C.C.P.A. 10, 504 F.2d 1400, 1402 (1974). Here, the language of § 4241 "fairly brings" this situation within the province of the statute.

■ The government's appeal to look to the titles of the various sections is similarly baseless. The plain meaning of statutory text controls the Court's interpretation, not the titles. *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528–29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947) (noting the "wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text").

Finally, the government complains that Defendant's proposed course of proceedings is flawed because it "would allow guilty persons to go free with no provision for their care or treatment and no means for 'final sentencing' if the defendant were to recover from his mental defect in the future." Gov't Mem. at 7. As a threshold

matter, a finding of incompetency only lets a person "go free" if there is a finding that there is not a "substantial probability that in the foreseeable future" he will attain capacity. 18 U.S.C. § 4241(d)(1). In addition, the individual is subject to a risk assessment under § 4246. Accordingly, the government's fear about guilty persons going free is a bit overstated.

The competency inquiry reflects a careful analysis of constitutional due process standards. *See Medina v. California,* 505 U.S. 437, 439, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) ("It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial."). Although the Court recognizes the Supreme Court has not expressly applied the *Dusky* competency standard to defendants who are facing sentencing, other courts have. *See Pellerito,* 878 F.2d at 1544 ("Surely, the sentencing process necessitates that the defendant possess both a present ability to consult with a lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of proceedings." (citing *Dusky,* 362 U.S. at 402, 80 S.Ct. 788) (internal quotation marks omitted)); *Gigante,* 996 F.Supp. at 198 ("It must be concluded that the Constitution requires the *Dusky* standard to apply at the penalty phase of a prosecution."); *see also Chavez v. United States,* 656 F.2d 512, 518 (9th Cir.1981) (holding that in order to be competent to waive a constitutional right at sentencing, the defendant must be able "to understand the nature of the proceedings and participate intelligently to the extent participation is called for"). These authorities give persuasive reasons why due process concerns are best served by conducting an inquiry into the ability of a convicted person to understand the nature and circumstances of the sentencing proceedings. It may seem unfair to the government that a convicted person may eventually be released before sentencing, but that is exactly what the competency standard contemplates, whether the inquiry occurs before, during, or after trial. Subjecting an individual who is incompetent, unlikely to improve, and does not present a risk to the community to a provisional sentence of imprisonment to the maximum term authorized by law presents its own fairness concerns.

## CONCLUSION

In sum, the Court holds that 18 U.S.C. § 4241 and § 4244 apply to independent inquiries. The first, under § 4241, is whether a defendant is competent under a codification of the *Dusky* standard. Namely, is the defendant able to understand the nature and consequences of the proceedings against him and to assist properly in his defense? 18 U.S.C. § 4241(a). If, as here, the answer is "no," then the court is to follow the instructions in § 4241 regarding a determination on the likelihood of recovery. *See* 18 U.S.C. § 4241(d). On the other hand, if a defendant is found to be competent but suffering from a mental disease or defect, § 4244 comes into play.

██ Here, because the Court has already found Defendant to be incompetent, *see* Order Dec. 15, 2008, and the acting warden of FMC–Butner submitted a report indicating he was not likely to improve in the foreseeable future, the proper course is to return Defendant to FMC–Butner for a risk assessment pursuant to 18 U.S.C. § 4246. *See* 18 U.S.C. § 4241(d). "Because [defendant] has been found incompetent to stand for sentencing, § 4244 does not apply to him." *Morris,* 550 F.Supp.2d at 1294.

**IT IS SO ORDERED.**